## JUDSON J. DIKEMAN AND ORVILLE DOUGHERTY v. OTIS ARNOLD.

[See 71 Mich. 656; 78 Id. 455.]

*Res judicata—Practice in circuit court—Argument of counsel—
Assignments of error.*

1. The law of this case was settled by the opinions in 71 Mich. 656, and 78 Id. 455, and ought to, and must, under all of the authorities, remain the law so far as this case is concerned.

2. An attorney is entitled to some license in his argument, and the testimony to him may bear quite different inferences and conclusions than might be deduced by a disinterested and unbiased judge.

3. Where the record, and the brief of the appellant, are printed and served at the same time, inclosing the clauses of the charge which are objected to in brackets in the record is a convenient method of calling attention to them, and is permissible.

Error to St. Joseph. (Loveridge, J.) Argued October 30, 1890. Decided November 14, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion, and in the former reports of the case.

*O. F. Bean, Howard & Roos,* and *Osborn & Mills,* for appellant.

*Howell, Carr & Barnard* and *Boudeman & Adams,* for plaintiffs.

MORSE, J. It will be unnecessary to state the facts in this case. It has been here twice before, and will be found reported in 71 Mich. 656, and 78 Id. 455.

The plaintiffs have recovered judgment three times in the court. below, upon substantially the same state of facts. In the opinions of this Court when the case was here before, the law applicable to the pleadings and the facts involved was pointed out in detail, and the trial court seems to have followed these opinions fully and fairly. We are not disposed to question or discuss the wisdom or legality of our former holdings or rulings upon any point in the case. The law was settled by our former decisions, and ought to, and must, under all the authorities, remain the law as far as this case is concerned. The circuit judge could not do otherwise than follow our instructions. And we may with propriety further say that as yet we have seen no reason for departing from our previous rulings, and that our views as to the law of the case have undergone no change.

The testimony admitted as to negotiations between the parties was proper to give a history of the transaction, and was used for no other purpose. The testimony which we held in 78 Mich. 458, 459, to have been improperly

admitted and improperly used upon that trial was not offered or admitted on this one.    It was proper to show what took place on the night of the 15th of June, and on the 16th, and what Arnold did and said thereafter in regard to the trade.

What defendant said to the witness Shellenberger on the morning of the 16th, before it is claimed the deed was made, would not have been proper standing alone, as it would have been irrelevant to any issue in the case; but, coupled with the testimony of what he said to the same witness on the 17th, the day after it is claimed the deed was delivered, and the trade of the two farms consummated, it became not only relevant, but important. Shellenberger testified that on the morning of June 16 he talked with Arnold about buying a lot, and Arnold said he was about making a trade of the land to Dikeman, and that the witness should see him again. Witness saw him again the next morning, and Arnold told him he had traded with Dikeman, and he must go to him to get the lot. If this testimony was believed, it tended strongly and legitimately to show that the deed was delivered and accepted on the 16th, as claimed by plaintiffs.

The evidence of the witness Neidhardt, who was sworn in rebuttal, that Arnold came into his store on the 16th, and said that he had traded for the Shaw farm, and the papers were being made out, did not have much relevancy upon the question whether or not the deed was delivered that day, but it was a part of the transactions of that day, and, while he was talking, Dikeman came in, and said, " Mr. Arnold, we are ready for you now," and they went out of the store together.    We do not think the defendant was harmed by this testimony.    And, in one aspect of the case, it was admissible in rebuttal of the claim made by Arnold in his evidence that he

never intended to trade on that day, nor on any other day, until Bean had looked over the abstract.

On cross-examination by defendant's counsel of Mrs. Dikeman, a witness for the plaintiffs, she was asked if, after the deed and other papers had been signed, she did not say, "I wonder who will guaranty Mrs. Arnold's signature?" She was then further asked why she made this remark, and answered,—

"Because, when my uncle, Andrew Leland, deeded their farm, Mrs. Arnold wouldn't sign until he paid $50.
"Q. How do you know about that?
"A. My uncle told me."

A motion was made to strike out this testimony, which motion was denied. This is assigned as error. No error was committed in allowing the answers to stand. When the witness was asked why she made this remark, she had a right to give her reason for making it, and the cross-examiner must take her answer as she gave it.

We find no error in the admission of the testimony of Mrs. Stebbins. The fact that Mr. Bean drafted the deed in which a mistake was made, and all the land not conveyed, may not have been important; but it was proper to show that Mrs. Stebbins intended to convey by this deed her whole title to the premises, and had since acted on the assumption that she had no further interest in it, and that Arnold so understood it. We do not think that permitting her to state that Mr. Bean drew the deed influenced the jury at all in arriving at their verdict. There could have been no error in showing who drafted the deed had it not been for the claim of counsel in offering the proof. As it was, the error of counsel's statement was not, in our view of the case, a prejudicial one.

Various exceptions were taken to the remarks of Mr. Boudeman, one of the attorneys for the plaintiffs, in summing up the case to the jury. While some of his deduc-

tions from the testimony, and claims made by him, might not coincide with our ideas, we find no such error in any of his remarks as would warrant a reversal of the judgment. An attorney is entitled to some license in his argument, and the testimony to him may bear quite different inferences and conclusions than might be deduced by a disinterested and unbiased judge. But if we were to reverse cases because the attorneys of the parties claimed more from the testimony for their clients than we could discern in the evidence, or argued that facts were established when we thought they were not, we should not only invade the province of the jury, but vacate most, if not all, of the judgments that come for review before us.

· In the history of the transaction that took place on June 16, it was attempted to show by Arnold and others what took place in Bean's office when Arnold took the abstract to him. The refusal to receive this testimony is assigned as error. While it was proper to show that Arnold took the abstract over to Bean's office, it was not competent to show what took place there in the absence of the plaintiffs. *Riley v. Conner*, 79 Mich. 497.

Various objections are made to specific portions of the charge of the circuit judge to the jury. The clauses thus objected to are inclosed in brackets in the printed record, which is a convenient method of calling our attention to them, and permissible. We say this because some objection was made upon the argument here to this method of pointing out the errors claimed in the charge, because the assignments of error referred to these brackets by numbers, as they were numbered in the printed record. If the record is printed and served at the same time as the appellant's brief, the method is a good one, as it saves printing the portions objected to in full, and also much hunting in the record to find such portions.

A careful examination of the portions of the charge excepted to, as well as of the whole charge, satisfies us that no error was committed in the instructions of the court to the jury. The law of the case as heretofore settled by this Court was fairly and clearly stated to the jury.

The judgment must be affirmed, with costs.

The other Justices concurred.