WEBB *v.* HOLT.

1. DEEDS — INTRODUCTION IN EVIDENCE — PRELIMINARY PROOF — CERTIFICATE OF RECORD.

Under 2 How. Stat. § 5685, making a certified transcript of the record of a deed sufficient proof of its execution and delivery, the original deed, with the certificate of record indorsed thereon, is admissible without preliminary proof.

2. BREACH OF WARRANTY—DAMAGES—COSTS IN EJECTMENT.

In an action for breach of warranty in a deed, the taxable costs incurred by the plaintiff in defending an action of ejectment are properly included as a part of the damages, although they were not in fact taxed.

3. SAME—TITLE OF EJECTOR—EVIDENCE.

The plaintiff may show in such action that the title under which he was ousted was not derived from himself.

4. SAME—HARMLESS ERROR.
  Where the recovery is limited to the amount paid for the premises, with interest thereon and costs, the admission of evidence as to improvements is not reversible error.

5. SAME—PARTIES—HUSBAND AND WIFE.
  A wife, though she joins in her husband's deed, is not liable on a covenant of warranty therein, and need not be joined as defendant in an action for breach thereof.

Error to Muskegon; Russell, J. Submitted April 9, 1897. Decided June 7, 1897.

Covenant by Charles L. Webb against Henry H. Holt upon a warranty of title. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Henry H. Holt, in pro. per.* (*Jerome E. Turner*, of counsel.)

*Philip W. Niskern*, for appellee.

LONG, C. J. This is an action upon a covenant of warranty. in a deed executed by the defendant and his wife to the plaintiff. The covenant is that "he is well seised of the above-granted premises in fee simple; that they are free from all incumbrances whatever; and that he will, and his heirs, executors, and administrators shall, warrant and defend the same against all lawful claims whatsoever." It appears that the plaintiff paid for the land the sum of $327.49. January 12, 1895, Francis W. Cook commenced an action of ejectment against the plaintiff and his wife to recover possession of the property in question, and on September 27th thereafter recovered judgment of ouster, with costs of suit. Soon after the suit was commenced, notice was served upon the defendant of that fact, and that he should come in and defend. This notice was served in time so that the defendant could have appeared in the case if he had so desired, but he refused to take charge of it. On the trial of the present

case, the plaintiff produced his deed from the defendant in evidence, the proceedings in the case of Cook against Webb, the judgment in that case, and the amount of costs. For this he had judgment, under the direction of the court, amounting to $484.32.

1. Defendant contends that the court admitted the deed from defendant to the plaintiff in evidence without the same being properly proved. The specific objection was: "I object to it. I submit that the witness has not shown that he is sufficiently familiar with Mr. Holt's handwriting to make his testimony competent." It appeared that the deed was properly executed and acknowledged, and duly recorded in the office of the register of deeds. There is no force in the objection made. Under section 5685, 2 How. Stat., a certified transcript of the record of the deed is sufficient proof of the execution and delivery of it; and under *Lacey* v. *Davis*, 4 Mich. 140 (66 Am. Dec. 524), the record of the deed being entitled to be read in evidence, the original deed is also admissible without preliminary proof. The original deed here had indorsed upon it the certificate of the register that it was duly recorded. But, aside from this, we are satisfied that there was sufficient evidence of its execution by the defendant to admit of its being read in evidence.

2. It is contended that the court erred in allowing the costs in the ejectment suit as a part of the damages, as the costs had not been properly taxed. The plaintiff testified that he paid $4.50 costs for jury fee and one-half of the stenographer's fees, and also $48.10, taxed costs. The objection is that the costs had not been properly taxed, and not that the plaintiff had not been put to that amount of expense and costs in the trial of the ejectment case. The rule is well settled that in actions of this kind the plaintiff must be reimbursed for the loss sustained by the action of ejectment. This loss is made up by adding to the amount paid for the land the interest thereon from time of payment, and costs in the ejectment suit. In some of the States it is held that the costs may include reason-

able fees of counsel, as well as those which are taxable. *Staats* v. *Ten Eyck's Ex'rs*, 3 Caines, 115 (2 Am. Dec. 254). As was said in *Stebbins* v. *Wolf*, 33 Kan. 765, in an action for breach of warranty in a deed, the measure of damages is the value of the land as agreed on at the time of the conveyance, with interest thereon, together with reasonable costs and expenses incurred in resisting eviction. See, also, *Williamson* v. *Williamson*, 71 Me. 442. But in the present case only taxable costs were allowed.

3. Error is assigned upon the ruling of the court in permitting the plaintiff to show that Cook did not obtain his title from the plaintiff. There is no suggestion how this action could in any manner prejudice the defendant, and it was proof proper to be made as showing that Cook did not derive title from the plaintiff.

4. Objection is made to the ruling of the court in permitting the plaintiff to testify to improvements made by him upon the property after he went into possession of the premises. It appears, however, that defendant was permitted in the cross-examination of the plaintiff to go into the question of rents and profits. This was under plaintiff's objection. Upon redirect examination plaintiff's counsel was permitted to show what improvements he had made upon the property. The whole question was foreign to the issue being tried. The plaintiff in the ejectment case had filed a claim for rents and profits, and the defendant, Holt, in this action was in no manner interested in that question. The recovery in this case was limited to the amount of money paid for the premises, with interest thereon and costs, so that the defendant was not injured by the admission of this testimony.

5. But one other question need be considered. It is insisted that, inasmuch as Catharine Holt, the wife of defendant, joined in the execution of the deed to the plaintiff, she should have been made a party to this suit. It has been many times held in this State that a wife is not

liable upon a covenant in her husband's deed.   *Carley* v. *Fox*, 38 Mich. 387; *Hovey* v. *Smith*, 22 Mich. 170.

The judgment must be affirmed.

The other Justices concurred.