## VARTY v. MESSMORE.

1. TRIAL—EVIDENCE—CONTENTS OF PAPERS.

A case will not be reversed for permitting a witness to state the contents of certain papers, where it appears that the court did not intend to rule that the contents were admissible, and immediately struck out that part of the testimony on the suggestion of counsel.

2. NEW TRIAL—MISCONDUCT OF COUNSEL.

It is only in a very clear case of misstatement of facts by counsel to the jury, which cannot be corrected, that the court will set aside the verdict.

Error to Sanilac; Beach, J. Submitted January 16, 1903. (Docket No. 59.) Decided February 17, 1903.

*Assumpsit* by Henry Varty against Charles L. Messmore for money had and received. From a judgment for plaintiff, defendant brings error. Affirmed.

*F. E. Durning* and *W. H. Burgess*, for appellant.

*F. S. Viets* (*E. C. Babcock*, of counsel), for appellee.

MONTGOMERY, J.   The defendant is a banker, and the plaintiff for several years was a depositor of defendant. The parties also had other dealings.   The plaintiff brought an action to recover a balance claimed to be due him. Before entering upon the trial, the bills of particulars were examined, and the parties agreed upon all the items except three:   One item of $200,—a note given by Samuel Callaghan to defendant, which the plaintiff claims to have purchased, and left with the defendant for collection; an item of a credit to plaintiff of $100 paid defendant March 26, 1891, by one Charles Snay; and an item of $196.65 charged to plaintiff by defendant for the payment of a real-estate mortgage given by John Callaghan to defendant, and claimed to have been discharged by him on plaintiff's order.   The case was tried by a jury, and verdict found in favor of the plaintiff for $377.77.   The defendant brings error, and we consider such points as are made in the defendant's brief.

The first error assigned is that the court erred in permitting the witness Yakes to testify and give the contents of certain attachment papers.   An examination of the record convinces us that at no time did the court intend to rule that the contents of these papers were admissible, and immediately struck out the evidence of their contents, at the suggestion of the defendant.   There was no error in this connection.

It is next assigned as error that the court refused the defendant's motion for a new trial.   This motion is based upon two grounds:   *First,* that the testimony did not warrant the verdict found; and, *second,* misconduct of the jury.   We have examined the testimony with considerable care, and we are not able to say that the verdict was so manifestly against the weight of the evidence as to have justified the court in setting aside the verdict.   It is true, defendant's counsel furnish us with various computations claimed to show that upon no theory should the verdict against the defendant have been quite as large as it is; but these figures are based upon assumptions as to

interest charges which are not quite apparent to us, and we think the variance is not sufficient to justify us in disturbing the verdict.

Complaint was also made in the motion for a new trial of the alleged misconduct of counsel in arguing the case to the jury. We think there was no such misconduct as justifies us in setting aside the verdict. It was claimed the testimony was misstated; but there is nothing to indicate that there was any intentional misstatement of facts by the counsel. It is only in a very clear case of a misstatement, which is not open to correction, that the court would interfere to vacate a verdict.

Some errors are assigned upon the refusal of the court to give the defendant's requests; but a careful examination of the charge shows that every right of the defendant was fully protected by the instructions given, and that in all essentials the instructions were unusually clear, and directed to the case with which the jury had to deal. If the defendant has suffered any injustice in this case, it results from this: That, in a case in which there was sharp conflict in the testimony, the jury accepted the testimony on behalf of the plaintiff, rather than that on behalf of the defendant. The circuit judge, who saw the witnesses, was of the opinion that the plaintiff's verdict should stand. We do not think the case so clear as to justify us in overruling this decision, and the judgment will be affirmed, with costs.

The other Justices concurred.