## MESSMORE *v.* MAERZ.

MORTGAGES—DISCHARGE—MISTAKE—INNOCENT PURCHASER—RIGHT TO FORECLOSE.

    After complainant had discharged a mortgage on certain land by reason of a misunderstanding of the direction of a subsequent grantee of the land, the land was conveyed to defendant by a clear warranty deed, defendant giving a purchase money mortgage. Defendant and his grantor afterwards procured through complainant on a new mortgage money to pay the purchase money mortgage, complainant at the time procuring an abstract and assuring them that the title was clear. *Held*, that complainant was not entitled to foreclose the mortgage discharged through mistake, defendant never having assumed it or known of it.

Appeal from Sanilac; Beach, J. Submitted June 19, 1907. (Docket No. 115.) Decided July 15, 1907.

Bill by Charles L. Messmore against John Maerz and

others to correct a description in a mortgage, and to foreclose the same. From a decree dismissing the bill, complainant appeals. Affirmed.

*W. H. Burgess,* for complainant.

*F. S. Viets,* for defendants Maerz.

MOORE, J. The bill is filed in this case to correct the description in a mortgage and to foreclose the same. The case was heard in open court. The circuit judge dismissed the bill. The case is brought here by appeal.

The mortgage in controversy was given by John Callaghan December 2, 1889, to the complainant, to secure the payment of a note for $150 and interest thereon, due October 1, 1890, upon the southwest quarter of section 30, in township 14 north, range 16 east, and was duly recorded. In March, 1890, this and other mortgages were assigned as collateral security to the People's Savings Bank of Detroit. March 26, 1890, John Callaghan conveyed said land, by warranty deed, to Henry Varty, for a consideration stated in the deed of $2,900, which deed contains the following recital:

"Subject to a mortgage of eight hundred dollars held by Wm. Varty and a mortgage of one hundred and sixty dollars held by Charles Messmore."

This deed was recorded March 28, 1890. April 3, 1891, Henry Varty and wife conveyed the south half of above-described land back to John Callaghan, by warranty deed, containing the recital: "except a mortgage of $700." This deed was recorded August 1, 1891. December 19, 1891, Henry Varty and wife conveyed the north half of above-described quarter section of land to defendant John Maerz by clear warranty deed. Maerz gave Varty a mortgage for $500 on 40 acres of this land, and sold the other 40 in February, 1892. In September, 1895, Maerz, for the purpose of paying the mortgage he had given to Varty, procured a loan through complainant of Miss Dick-

inson, which loan was secured by a mortgage. At this time an abstract of title was obtained by Messmore, for. Maerz, and Messmore assured Varty and Maerz that the title was all right. In 1893 Mr. Messmore received a paper reading as follows:

"August 3, 1893.
"*Mr. Messmore:* Please discharge the mortgage and charge it to me.
"HENRY VARTY."

He says he supposed this referred to the real estate mortgage, and that he procured a discharge thereof from the Detroit Bank, and charged the amount of the mortgage to Varty, and that he had no knowledge that the mortgage was not properly discharged at the time the Miss Dickinson mortgage was given by Maerz. He also claims that Varty afterwards denied that the paper referred to the real estate mortgage, and that there was litigation as the result thereof, which culminated in *Varty* v. *Messmore*, 132 Mich. 314. It is his further claim that he has never been paid for said mortgage, and, though it has been discharged of record, that it should be reinstated. He further claims that a mistake was made in drawing the mortgage originally by inserting the wrong range, which mistake he seeks to have corrected in this proceeding. It is the claim of the solicitor for complainant that defendant Maerz should be held because, and we quote from the brief:

"Maerz took title of his land from Henry Varty December 19, 1891, by clear warranty deed. Varty had received title from John Callaghan March 26, 1890, by warranty deed, subject to a mortgage to Charles L. Messmore of $160, which deed was recorded March 28, 1890. The mortgage mentioned in this deed to Varty is the one complainant now seeks to foreclose. In this deed to Varty, Callaghan inserted a recital of the mortgages against the land, naming the mortgagees, one of whom was complainant."

We have already recited enough from the record to show that in the deed to Maerz there was no reference

made to the Messmore mortgage, and that the grantor of Maerz gave him a clear warranty deed, and that a purchase price mortgage was given back by him to Varty for $500.    Later Varty and Maerz, for the purpose of getting money to pay off this purchase price mortgage, went to Messmore, who insisted upon an abstract of title being furnished.    It was furnished, and Messmore declared the title to be good, and Maerz, through Messmore, procured the money to pay off his purchase price mortgage, and lost any opportunity to say to his grantor that his title was defective and must be made good.    It does not appear that Maerz ever knew of the existence of the Messmore mortgage.    Messmore, of course, knew it.    He had procured its discharge.    It was discharged of record when he procured the abstract for Maerz.    We think there is no equity in saying that Mr. Maerz, who had no actual knowledge of complainant's mortgage, and who had never assumed it, should be required to pay it because complainant, through mistake, caused it to be discharged of record.    We have no brief on the part of the defendants.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.