KUJAWSKI v. BOYNE MOUNTAIN LODGE, INC.

1. TRIAL—CLOSING ARGUMENT—OBJECTIONS—INSTRUCTIONS.

Two ways are open for counsel to object to statements not warranted by the pleadings and the evidence, made by opposing counsel in argument to jury, one being to object to the statements of counsel and obtain a ruling of the court upon them; the other, the preferable method, is to request the court to instruct the jury upon the point, thereby leading to a more orderly and seemly disposition of the matter in dispute

2. DEATH—IMPROPER ARGUMENT—FACTS NOT IN EVIDENCE.

Statement made by plaintiff's counsel in closing argument to jury in wrongful death action that plaintiff's decedent earned $11,000 per year, which was not supported by any evidence given at the trial, *held*, not to amount to error on the part of the trial judge in the case where no request for a corrective instruction was made at any time (CL 1948, § 691.581 *et seq.*).

3. APPEAL AND ERROR—REMARKS TO JURY—SAVING QUESTION FOR REVIEW.

Objection to remarks made by counsel in his closing argument to jury, to be saved for review, must be accompanied by a request that the court, either during the argument or in final instructions, instruct the jury to disregard the improper argument.

4. TRIAL—IMPROPER ARGUMENT—PREJUDICE.

Court will interfere to vacate a verdict because of misstatement of facts in argument to jury only in a very clear case of a misstatement which is not open to correction.

5. DEATH—IMPROPER ARGUMENT—PREJUDICE.

Statement by plaintiff's counsel in closing argument to jury in wrongful death action that decedent earned $11,000 per year, not supported by testimony at trial, *held*, not to have resulted in prejudice in a case, where the amount of the jury's verdict

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 53 Am Jur, Trial §§ 505–507.
[5] 5 Am Jur 2d, Appeal and Error § 797.
[6] 5 Am Jur 2d, Appeal and Error §§ 1009, 1011.

was not immoderate, considering plaintiff's proof of damages under the wrongful death statute (CL 1948, § 691.581 *et seq.*).

6. COSTS—LIMITED APPEAL.

Costs on limited appeal to Supreme Court are awarded appellant where case is reversed, other costs to abide final result of further proceedings on remand to Court of Appeals.

Appeal from Court of Appeals, Division 3; Holbrook, P. J., and Burns and McGregor, JJ., reversing Charlevoix, Brown (Charles L.), J. Submitted June 7, 1967. (Calendar No. 1, Docket No. 51,512.) Decided July 21, 1967.

3 Mich App 333, reversed.

Declaration by Edward Kujawski, administrator of the estate of John S. Kujawski, Sr., deceased, against Boyne Mountain Lodge, Inc., a Michigan corporation, for wrongful death of the decedent caused by a fall on defendant's stairway. Verdict and judgment for plaintiff. Reversed and remanded for new trial by Court of Appeals. Plaintiff appeals. Reversed, and remanded to Court of Appeals for further proceedings.

*Norman D. Ance* and *Charles H. Menmuir,* for plaintiff.

*Martin B. Breighner* and *Benjamin V. Halstead,* for defendant.

PER CURIAM. The pertinent facts appear by full quotation in the appellate opinion below (3 Mich App 333, 334–336). Presented is question whether the erroneous statement of fact, made by plaintiff's counsel during final summation,[1] constituted revers-

[1] The erroneous (because not proven) statement of counsel was that the decedent "had made his way in life until he was earning some $11,000 per year."

ible error. On motion for new trial Judge Brown ruled in the negative. The panel below reversed for reasons appearing in its cited opinion. We hold that the trial judge was right and therefore reverse and remand for further proceedings consistent with our order of December 9, 1966, the relevant portion of which is quoted *post*.

Plaintiff has rightfully alleged, in his application for leave to appeal:

"3. Where counsel for both plaintiff and defendant left to the jury the determination of whether a fact stated by counsel for plaintiff in regard to earnings was in evidence, and counsel for defendant made no request to the court to strike and did not ask for a jury instruction, it was error for the Court of Appeals to reverse and remand for new trial because of the failure of trial court to withdraw the stated fact from jury consideration."

The allegation of error decided by the panel was not saved for review. The subsequently ascertained mistake of plaintiff's counsel, in stating before the jury the fact quoted above, amounted to no error on the part of the trial judge, no request for a corrective instruction having been made at any time. In the absence of such a request no duty devolved upon the trial judge to suspend the trial in effort to determine whether some witness did or did not testify as represented by plaintiff's counsel and denied by defense counsel. Suspensions for such purpose are inadvisable at best, the "preferable method" being as announced in *Mayo* v. *Wright*, 63 Mich 32.[2]

---

[2] "Two ways are open for counsel for a defendant when the plaintiff's counsel, in his closing argument to a jury, takes positions not warranted by the pleadings and evidence. One is to object to the statements of counsel, and obtain a ruling of the court upon them, as to whether they are proper or improper to be made; the other is to request the court to instruct the jury upon the point, so that any false or erroneous positions may be corrected. The latter is the

The remark 'of defense counsel before the jury, that "the jury can tell—that it was contained in the opening statement only," and his opponent's rejoinder before the jury, "Gentlemen, we will leave it to you, to whether Edward Kujawski did not testify that his father was making $11,000 per year," constrains conclusion that both counsel were willing at the time to let the jury decide who was right as regards the testimonial record. That conclusion, coupling it with the omission of defense counsel to ask for a peremptory corrective instruction and, later, to prefer a formal request for such instruction, left the incident free of the taint of reversible error. As was said in *Mazzolini* v. *County of Kalamazoo,* 228 Mich 59, 62, of a like occurrence, "In any event the remedy was then available, if needed, and the incident, passed then, is by now."

See the collection of cases made in *Herbert* v. *Durgis,* 276 Mich 158, 166, 167, and the following passage of *Marr* v. *Saginaw County Agricultural Society,* 364 Mich 373, 377:

"We do not disagree with the trial court's statement but call attention to the fact that appellant did not request the court to instruct in regard to plaintiff's closing argument and did not at any time during trial, nor in this appeal, complain of the court's instruction. Therefore, the question of the propriety or impropriety of plaintiff's closing argument is not before this Court.

"In *Curth* v. *New York Life Ins. Co.,* 274 Mich 513, we dealt with an appeal involving an action for double indemnity against an insurance company, and it was conceded that remarks of plaintiff's counsel in argument to the jury were improper. In refusing to reverse, our Court stated (pp 524, 525):

preferable method, as it conduces to a more orderly and seemly disposition of the matter in dispute, while a resort to the former interrupts argument, and is apt to foment contention and distract the mind of the jury." *Mayo* v. *Wright*, 63 Mich 32, 37, 38.

" 'The trial judge was not asked to make a ruling nor to charge the jury not to pay any attention to the remarks.  At the end of the charge, attorneys for both sides were invited to make any further suggestions but they remained silent.  Consequently, we may not reverse the case on the impropriety of the remarks as the objecting attorney in taking his exception failed to ask for a ruling, or that the jury be instructed to pay no attention to them. Merely taking an exception is insufficient.  The general rule is stated in *Heck* v. *Henne,* 238 Mich 198, 205:

" ' "To save the point for review, it was necessary not only to take an exception, but also to request the court, either then and there, or in final instructions, to instruct the jury to disregard the improper argument. *Spencer* v. *Johnson,* 185 Mich 85; *People* v. *Maczulski,* 194 Mich 193; *Walz* v. *Peninsular Fire Insurance Co.,* 221 Mich 326; *Genack* v. *Gorman,* 224 Mich 79." ' "

Aside from the foregoing it appears rather clearly that no prejudice resulted from the statement of counsel thus made.  The amount of the jury's verdict is not immoderate, plaintiff's proof of damages under the wrongful death statute[3] considered.  What was said in *Dikeman* v. *Arnold,* 83 Mich 218, and *Varty* v. *Messmore,* 132 Mich 314, is applicable here:

"Various exceptions were taken to the remarks of Mr. Boudeman, one of the attorneys for the plaintiffs, in summing up the case to the jury.  While some of his deductions from the testimony, and claims made by him, might not coincide with our ideas, we find no such error in any of his remarks as would warrant a reversal of the judgment.  An attorney is entitled to some license in his argument, and the testimony to him may bear quite different inferences and conclusions than might be deduced

[3] See CL 1948, § 691.581 *et seq.* (Stat Ann 1959 Cum Supp § 27.711 *et seq.*).—REPORTER.

by a disinterested and unbiased judge. But if we were to reverse cases because the attorneys of the parties claimed more from the testimony for their clients than we could discern in the evidence, or argued that facts were established when we thought they were not, we should not only invade the province of the jury, but vacate most, if not all, of the judgments that come for review before us." (*Dikeman* at 221, 222.)[4]

"Complaint was also made in the motion for a new trial of the alleged misconduct of counsel in arguing the case to the jury. We think there was no such misconduct as justifies us in setting aside the verdict. It was claimed the testimony was misstated; but there is nothing to indicate that there was any intentional misstatement of facts by the counsel. It is only in a very clear case of a misstatement, which is not open to correction, that the court would interfere to vacate a verdict." (*Varty* at 316.)

Reversed and remanded as in the first paragraph of this opinion set forth.[5] Plaintiff will have costs of his appeal to this Court. Other costs will abide the final result.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.

---

[4] This quotation was applied most recently to *Hayes* v. *Coleman*, 338 Mich 371, 382, 383.

[5] Our order of December 9, 1966, reads as follows:

"On order of the Court (O'HARA, J., dissenting), the motion for leave to file a cross appeal and the motion for order extending the scope of review are considered and the same are denied. Review by this Court shall be restricted to the questions posed by plaintiff's application for leave to appeal. In the event the Court of Appeals is reversed, the case will be remanded to that Court for review of allegations of error which were not passed upon by it. Application for leave to appeal may be made from any adverse ruling."