CARR v CITY OF DETROIT

1. TRIAL—WITNESSES—PRETRIAL CONFERENCE—DISCRETION—COURT RULES.

A trial judge did not abuse his discretion by allowing two witnesses not listed in the pretrial statement to testify at trial to prevent manifest injustice where neither the plaintiff nor the defendant prepared the case within the spirit of the court rules, and where the judge granted a continuance and allowed the defendant to depose one of the two witnesses not listed (GCR 1963, 301.3).

2. APPEAL AND ERROR—BRIEFS—ABANDONMENT OF ISSUES.

An issue is considered abandoned on appeal where the party claiming the error neither briefs the issue nor cites any authority to sustain his position.

3. APPEAL AND ERROR—ARGUMENT OF COUNSEL—PREJUDICIAL REMARKS—PRESERVING QUESTION.

The question of the propriety of remarks made by a plaintiff's lawyer in closing argument is not before the Court of Appeals where the statements were not so prejudicial as to be beyond repair and the defendant did not object nor ask for curative instructions at trial.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 April 11, 1973, at Detroit. (Docket No. 14297.) Decided June 27, 1973. Leave to appeal applied for.

Complaint by Percy L. Carr against the City of Detroit for damages for personal injuries. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 8–11, 95 *et seq.*

[2, 3] 4 Am Jur 2d, Appeal and Error §§ 35–37.

5 Am Jur 2d, Appeal and Error §§ 697, 922.

*Zeff & Zeff (Edward Grebs* and *Fergus Markle,* of counsel), for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.* (by *Ronald C. Winiemko),* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

R. B. BURNS, J. A jury returned a verdict for the plaintiff against the defendant for $450,000. Defendant appeals the judgment and we affirm.

Plaintiff was sentenced to serve 30 days in the Detroit House of Correction for a traffic violation. He was assigned to the job of removing ashes from the pit in the boiler room.

On November 11, 1965, the plaintiff and another inmate went into the pit to remove ashes. While in the pit, fire and flame burst from the boiler into the pit area, severely injuring the plaintiff and killing the other inmate.

At the pretrial conference lists of witnesses were exchanged. The judge who conducted the pretrial conference filed a summary of the pretrial. He noted that with the exception of six witnesses plaintiff's counsel could depose, discovery had been completed. The pretrial summary also listed the expert witnesses and nonexpert witnesses to be called by both parties.

Between the date of the pretrial and the trial co-counsel entered his appearance. Mr. Ludwig, an engineer, the plaintiff, and plaintiff's original attorney visited the Detroit House of Correction. Plaintiff also subpoenaed the Detroit House of Correction's maintenance records of the boilers.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

At trial plaintiff offered these records in evidence. Defendant agreed that the portions of these records pertaining to maintenance prior to the accident could be received in evidence.

Defendant objected to both Ludwig, the expert engineer, and attorney Cozart testifying, as they were not listed as witnesses in the pretrial summary. GCR 1963, 301.3 provides in part:

"The judge shall prepare * * * a summary of the results of the pretrial conference * * * . The summary of results *controls* the subsequent course of the action unless modified *at or before trial* to *prevent manifest injustices.*" (Emphasis supplied.)

The trial judge exercised his discretion and allowed the witnesses to testify. However, before expert Ludwig was permitted to testify the court granted defendant a continuance and allowed defendant to depose Ludwig. Ludwig's testimony was confined mainly to an interpretation of the defendant's own records concerning the maintenance of the boiler room and his opinion that defendant had been negligent in its maintenance.

This Court, on several occasions, has upheld the trial judge's refusal to allow witnesses to testify who have not been listed in the pretrial. *Royal Mink Ranch v Ralston Purina Co,* 18 Mich App 695; 172 NW2d 43 (1969). Conversely, the Court has upheld the trial judge's exercise of discretion to allow a witness not listed in the pretrial statement to testify. *Hanlon v The Firestone Tire & Rubber Co,* 44 Mich App 1; 204 NW2d 722 (1972); *State Highway Commission v Redmon,* 42 Mich App 642; 202 NW2d 527 (1972).

After reviewing the entire record it is evident that neither the plaintiff nor the defendant prepared this case within the spirit of the court rules.

The trial judge is commended for his patience exercised during the trial of the case.

The Court has read the record, briefs, and transcript of this case. The trial judge did not abuse his discretion by allowing the two witnesses to testify to prevent manifest injustice.

Defendant also claims the court erred by allowing attorney Cozart to testify as to his conversation with an undisclosed engineer of the defendant, as a violation of the hearsay rule. The defendant has not briefed the issue nor cited any authority to sustain its position and the issue is considered abandoned. *Mitcham v Detroit,* 355 Mich 182; 94 NW2d 388 (1959).

Lastly, defendant claims the trial court erred by denying its motion for a mistrial based upon the prejudicial argument of plaintiff's attorney during his closing argument. The statements of counsel were not so prejudicial as to be beyond repair. Defendant did not object, nor did he ask for curative instructions. The question of the propriety of plaintiff's closing argument is not before this Court. *Kujawski v Boyne Mountain Lodge, Inc,* 379 Mich 381; 151 NW2d 794 (1967).

Affirmed. Costs to plaintiff.

All concurred.