TRUBY v FARM BUREAU GENERAL INSURANCE OF MICHIGAN

Docket No. 96740. Submitted May 5, 1988, at Detroit. Decided September 9, 1988. Leave to appeal denied, 432 Mich 896.

Simon Truby brought an action in Wayne Circuit Court against Farm Bureau General Insurance of Michigan and Ryder Truck Rental, Inc., seeking payment of personal injury protection benefits under a policy of no-fault automobile insurance for an injury he sustained in the course of employment with Commercial Carriers, Inc. Truby was injured while loading a pickup truck onto a two-tier transporter when the pickup truck rolled down the transporter's ramp as he was alighting from the pickup truck. The trial court, Marvin R. Stempien, J., granted summary disposition in favor of plaintiff, ruling that there were no genuine issues of material fact and plaintiff was entitled to judgment as a matter of law. Ryder appealed by leave granted.

The Court of Appeals *held:*

1. Section 3105 of the no-fault act, MCL 500.3105; MSA 24.13105, provides that personal injury protection benefits are payable for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. At the time of plaintiff's injury, § 3106(2) of the act, MCL 500.3106(2); MSA 24.13106(2), provided that accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, are available to an employee who sustained the injury in the course of his employment while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle. Here, personal injury protection benefits are payable to plaintiff since all requirements of § 3106(2) were met: use of the parked transporter as a motor vehicle, injury in the course of employment while loading a vehicle, availability

REFERENCES

Am Jur 2d, Automobile Insurance §§ 354, 357 *et seq.*

What constitutes occupancy of vehicle for purposes of no-fault automobile insurance coverage. 35 ALR4th 364.

of workers' compensation benefits for the injury, and operation of another vehicle, i.e., the pickup truck.

2. Public Act No. 318 of 1986, effective June 1, 1987, which amended § 3106(2) of the no-fault act to exclude motor vehicles being loaded on, unloaded from, or secured to, as cargo or freight on, a motor vehicle in its definition of "another vehicle," is prospective in operation and thus cannot be applied retroactively to this case since Act 318 eliminated the right to claim personal injury protection benefits for injuries sustained under circumstances similar to those in this case.

Affirmed.

INSURANCE — No-FAULT — PERSONAL INJURY PROTECTION BENEFITS — PARKED VEHICLES.

Personal injury protection benefits under a policy of no-fault automobile insurance are available for accidental bodily injury incurred before June 1, 1987, and arising out of the use of a parked motor vehicle transporter by the injured person in the course of his employment while loading a motor vehicle onto the transporter (MCL 500.3105, 500.3106[2]; MSA 24.13105, 24.13106[2]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Gregory M. Janks*), for plaintiff.

*Michael L. Brochert* and *Richard L. Small,* for Ryder Truck Rental, Inc.

Before: GILLIS, P.J., and MURPHY and H. R. GAGE,* JJ.

PER CURIAM. Defendant Ryder Truck Rental, Inc., appeals from an order of the Wayne Circuit Court granting summary disposition to plaintiff Simon Truby on the issue of liability. Each party had moved for summary disposition under MCR 2.116(C)(10). There were no material issues of fact. The issue of law was whether plaintiff could collect no-fault personal protection insurance benefits for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a work-related injury involving two or more motor vehicles.

Review under MCR 2.116(C)(10) is based on the affidavits, pleadings, depositions, admissions and documentary evidence filed in the action or submitted by the parties. MCR 2.116(G)(5).[1] A motion under this subrule usually tests the factual support for the claim. *Linebaugh v Berdish,* 144 Mich App 750, 753; 376 NW2d 400 (1985). Where there is no genuine issue of material fact, the court may properly grant summary disposition as a matter of law. MCR 2.116(I)(1).

The undisputed facts are that on January 7, 1986, plaintiff was working at the General Motors Truck and Bus plant in Janesville, Wisconsin, while employed by Commercial Carriers, Inc. His duties included loading pickup trucks onto a two-tier trailer designed to carry five pickup trucks. He did this by driving each pickup truck up a portable ramp and onto the trailer. He loaded the fifth pickup onto the top tier of the trailer and set the parking brake. The next step in the loading process was to tie down the pickup. As he began to exit from the pickup to accomplish this task, it began to roll, knocking the plaintiff to the ground. Plaintiff was half in and half out of the truck when the accident occurred. It is also undisputed that the only assembly remaining to be done to these pickup trucks was the attachment of a rear bed or box suitable for the purposes of the purchaser of the truck.

An insurer is liable to pay personal protection insurance benefits "for accidental bodily injury

---

[1] The parties relied on plaintiff's deposition to set forth the undisputed facts. Because this deposition was not filed with the trial court, it cannot be reviewed as part of the record on appeal. MCR 7.210(A)(1); *Trail Clinic, P C v Bloch,* 114 Mich App 700, 708-709; 319 NW2d 638 (1982), lv den 417 Mich 959 (1983). Review is based on other documentary evidence and the parties' admissions.

arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle" subject to the provisions of Chapter 31 of the Insurance Code, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* MCL 500.3105(1); MSA 24.13105(1). "Accidental bodily injury" is specially defined. At the time plaintiff's injury occurred, MCL 500.3106; MSA 24.13106 provided in part:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> \*     \*     \*
>
> (c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.
>
> (2) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle if benefits under the worker's disability compensation act of 1969, Act No. 317 of the Public Acts of 1969, as amended, being sections 418.101 to 418.941 of the Michigan Compiled Laws, are available to an employee who sustains the injury in the course of his or her employment while loading, unloading, or doing mechanical work on a vehicle unless the injury arose from the use or operation of another vehicle.

As stated in *Krueger v Lumberman's Mutual Casualty Co,* 112 Mich App 511, 516; 316 NW2d 474 (1982):

> In order to recover no-fault benefits for injuries sustained in connection with a parked vehicle, a claimant must establish both the applicability of one of the § 3106 categories and, in addition, that

the injuries arose out of the ownership, operation, maintenance or use of the parked vehicle.

Plaintiff's primary theory of liability was that under MCL 500.3106(2); MSA 24.13106(2) the undisputed facts showed that the accident arose out of the use of a parked vehicle, i.e., the carrier, that while in the course of his employment plaintiff was loading a vehicle, i.e., the carrier, and that the injury also arose from the use of another vehicle, i.e., the last pickup loaded by the plaintiff. The trial court focused almost exclusively on the element of whether the pickup truck was "another vehicle" under MCL 500.3106(2); MSA 24.13106(2). This opinion will consider each element in the above order.

First, there is no dispute that the carrier was parked at the time of the injury and that plaintiff was in the course of his employment. Second, regardless of whether the carrier was attached to a cab or freestanding, the carrier was a vehicle. MCL 500.3101(2)(c); MSA 24.13101(2)(c); *Parks v DAIIE,* 426 Mich 191, 198; 393 NW2d 833 (1986); *Kelly v Inter-City Truck Lines, Inc,* 121 Mich App 208, 211; 328 NW2d 406 (1982); *Jones v Tronex Chemical Corp,* 129 Mich App 188, 195; 341 NW2d 469 (1983). Because plaintiff had not completed tying down the last pickup truck, plaintiff was in the process of loading the vehicle. See, e.g., *Gibbs v United Parcel Service,* 155 Mich App 300, 302-303; 400 NW2d 313 (1986); *Bell v F J Boutell Driveaway Co,* 141 Mich App 802, 808-809; 369 NW2d 231 (1985). Because plaintiff was still in the process of loading the carrier and was struck by a pickup rolling off of the carrier, it cannot be argued that the injury did not arise from the use of the carrier.

Third, there is no dispute that the pickup was

completely assembled except that it lacked a rear bed or box. Unlike the motor home chassis in *Logan v Commercial Carriers, Inc,* 152 Mich App 701, 704; 394 NW2d 470 (1986), the pickup was not merely a frame, motor and steering wheel, but had a cab, hood, windshield and finished seat. There were no facts presented which would suggest that the pickup truck was not designed for operation on a highway. Therefore, the pickup should be regarded as a motor vehicle under MCL 500.3101(2)(c); MSA 24.13101(2)(c) and as another vehicle under MCL 500.3106(2); MSA 24.13106(2).

Finally, in order to conclude that the injury "arose from" the use of the pickup, there must have been undisputed facts establishing a causal connection between the use of the motor vehicle and the injury sustained. This causal connection must be more than incidental, fortuitous, or but for. "The injury must be foreseeably identifiable with the normal use, maintenance or ownership of the vehicle." *Krueger, supra,* p 516, quoting *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), lv den 395 Mich 787 (1975). The *Krueger* Court found a sufficient causal connection where the claimant stepped into a pothole while alighting from a motor vehicle. It is equally foreseeable that a vehicle parked on a steep incline might roll backward causing injury to a person alighting from the vehicle. Therefore, the undisputed facts establish that the injury arose from the use of the pickup.

Defendant argued for the first time at oral argument before this Court that MCL 500.3106(2); MSA 24.13106(2) as amended by 1986 PA 318, effective June 1, 1987, should be applied retroactively to preclude plaintiff's claim. This Court will normally consider an issue to be abandoned where the appellant neither briefs the issue nor cites any au-

thority to sustain its position. *Carr v Detroit,* 48 Mich App 150, 153; 210 NW2d 143 (1973). However, this Court would note:

> The general rule in Michigan is that statutes are prospective in their operation except where the contrary clearly appears from the context of the statute itself. *Gormley v General Motors Corp,* [125 Mich App 781, 788; 336 NW2d 873 (1983)]. An exception to the general rule is recognized when a statute is remedial or procedural in nature, as "statutes which operate in furtherance of a remedy or mode of procedure and which neither create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retrospectively unless a contrary legislative intention is manifested." *Franks v White Pine Copper Division,* [422 Mich 636, 672; 375 NW2d 715 (1985)]. Unless a different intent is manifest, an amendment to a statute is construed as changing the meaning of the statute. *Borkus v Michigan National Bank,* 117 Mich App 662, 668; 324 NW2d 123 (1982), lv den 417 Mich 998 (1983). [*Dow Chemical Co v Curtis,* 158 Mich App 347, 357; 404 NW2d 737 (1987), lv gtd 428 Mich 911 (1987).]

The statute as amended would eliminate payment of no-fault personal protection insurance benefits to persons who suffer job-related injuries while loading or unloading vehicles onto or from another vehicle as cargo, or while entering or alighting from a vehicle unless it occurred immediately after the vehicle was disabled. Formerly, such injuries were protected provided the injuries arose from the use of another vehicle. MCL 500.3106(1)(c) and (2); MSA 24.13106(1)(c) and (2). Because the statute as amended diminishes existing rights, it should not be applied retroactively.

The circuit court did not err in granting summary disposition pursuant to MCR 2.116(C)(10).

Affirmed.