McPHERSON v AUTO-OWNERS INSURANCE COMPANY

Docket No. 77-4726. Submitted February 6, 1979, at Grand Rapids.— Decided May 21, 1979. Leave to appeal applied for.

Plaintiff, Joyce L. McPherson, was injured when she slipped and fell on an obstruction in the highway. The accident occurred at the rear of her parked car while she was in the process of going around the car to remove her three-year old grandson from the back seat. Plaintiff commenced an action against Auto-Owners Insurance Company, the no-fault insurer of her automobile, for first-party benefits. The Kalamazoo Circuit Court, Patrick H. McCauley, J., found that there could be no liability on the agreed facts of the case and a judgment for the defendant was entered. The plaintiff appeals. *Held:*

The plaintiff was covered by her insurance policy under the provision of the no-fault insurance act which covers bodily injury sustained while entering into or alighting from her vehicle. It is sufficient that the automobile provided the occasion for the injury; it is not necessary that the automobile be the cause of the injury.

Reversed and remanded for entry of summary judgment for the plaintiff on the question of liability and for a determination of damages.

J. H. GILLIS, J., dissented. He would hold that even where a person is occupying, entering into or alighting from a vehicle, it must still be shown that there is a causal relationship between the injury and the ownership, use or maintenance of the vehicle. Such causal relationship was not established here. He would affirm.

OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — WORDS AND PHRASES — NO-FAULT INSURANCE — STATUTORY CONSTRUCTION — STATUTES.
   An interpretation of the phrase "occupying, entering into or

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 7 Am Jur 2d, Automobile Insurance §§ 127, 154.
   New Topic Service, No-Fault Insurance §§ 18, 19.
   Scope of clause of insurance policy covering injuries sustained while alighting from or entering automobile. 19 ALR2d 513.
[3] New Topic Service, No-Fault Insurance § 18.

alighting from the vehicle" in the no-fault automobile insurance act which does not hold physical contact with a vehicle mandatory is a far more reasonable and persuasive approach; this interpretation accords with a strict reading of policy language, well implements the time-honored policy of construction of policy language against the insurer and guards against recovery based upon "fortuitous circumstances" (MCL 500.3106[c]; MSA 24.13106[c]).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PARKED VEHICLES — CONTINUITY OF USE — STATUTES.

    A person who had just stepped out of an automobile which was covered by a no-fault insurance policy and then, while going around to enter the automobile from the other side, slipped and fell on an obstruction in the highway and suffered personal injuries is insured under the provision of the no-fault automobile insurance act which covers injuries sustained by a person while "occupying, entering into or alighting from" a parked vehicle; there is such coverage where the injured person intends a continued use of the car; it is unnecessary that the automobile be a cause of the injury, it is sufficient that the automobile provides the occasion for the injury (MCL 500.3106[c]; MSA 24.13106[c]).

DISSENT BY J. H. GILLIS, J.

3. INSURANCE — AUTOMOBILES — INJURY — CAUSAL CONNECTION — OWNERSHIP, MAINTENANCE, OR USE — STATUTES.

    *There must be a causal connection between an injury sustained and the ownership, maintenance or use of an automobile to create a claim under the terms of an automobile insurance policy which provides coverage for injuries arising out of the ownership, maintenance or use of an automobile; the causal connection must be more than incidental, fortuitous or "but for", and the injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle (MCL 500.3105; MSA 24.13105).*

4. INSURANCE — AUTOMOBILES — INJURY — CAUSAL CONNECTION — OWNERSHIP, MAINTENANCE OR USE — PARKED VEHICLE — STATUTES.

    *A causal connection between a plaintiff's injury and the ownership, use or maintenance of a motor vehicle must be shown, even where a person is occupying, entering into, or alighting from the vehicle, before the plaintiff is covered by the provisions of the no-fault automobile insurance act which pertain to*

*personal injuries arising out of the ownership, operation, maintenance or use of a parked vehicle (MCL 500.3106; MSA 24.13106).*

*Jerkin, Plaszczak, Hurley & Bauhof,* for plaintiff.

*Ryan, Jamieson & Hubbell,* for defendant.

Before: D. F. WALSH, P.J., and J. H. GILLIS and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiff sued to recover first-party benefits under a no-fault insurance contract issued by defendant covering her automobile. Plaintiff had temporarily parked her car and was in the process of going around it to remove her three-year-old grandson from the back seat. While at the rear of the automobile she slipped and fell on an obstruction in the highway, sustaining injury.

The controlling statute is MCL 500.3106(c); MSA 24.13106(c). It provides:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

* * *

"(c) The injury was sustained by the person while occupying, entering into or alighting from the vehicle."

The trial court found that there could be no liability on the agreed facts of this case and our review is, therefore, as if the judgment were one under GCR 1963, 117.2(3). In the trial court's opinion, it is stated that there was no "causal connection" between the injury and plaintiff's entering into or alighting from the motor vehicle.

We reverse.

The terms used in subsection (c) of the statute are not new with the statute. They have been used in medical coverage provisions of insurance contracts for some time in clauses which provide benefits without regard to a particular person's negligence. See, Anno: *Automobile insurance: when is a person occupying an automobile within meaning of medical payments provision,* 42 ALR3d 501, § 2(a), pp 504-505. In effect, these clauses provided for a type of no-fault benefit before the current no-fault statutes came into being. We would interpret this statute in light of the previous court interpretations of similar language in insurance policies.[1]

Our courts have dealt with the phrase and policies on several occasions. The most important of these cases is *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), *rev'g* 52 Mich App 40; 216 NW2d 484 (1974). See also, *Collins v Motorists Mutual Ins Co,* 36 Mich App 424, 428; 194 NW2d 148 (1971), *lv den* 388 Mich 812 (1972).

In *Nickerson,* the plaintiff was injured when the car in which he was riding stalled on the highway. The plaintiff was standing in front of the car waiting for assistance from a passing motorist when the car was pushed into him after being struck by a third car. This Court denied recovery under the "occupying"[2] language of the policy.

The Supreme Court unanimously reversed. It held:

---

[1] For a general overview of cases interpreting language similar to that contained in our statute in the framework of a particular insurance policy, see Anno: *Scope of clause of insurance policy covering injuries sustained while alighting from or entering automobile,* 19 ALR2d 513 and Anno: 42 ALR3d 501, *supra.*

[2] Occupying was defined in the policy as " 'in or upon or entering into or alighting from' ". 393 Mich at 326.

"[P]laintiff in the instant case was covered under the language above due to (1) his immediate prior "occupying" of the insured vehicle and (2) his suffering of an injury arising out of the use or repair of the same automobile." 393 Mich at 326.

The reasoning supporting the holding that physical contact with the auto at the time of the injury was unnecessary was summarized by Justice WILLIAMS,

"In sum, the approach to interpretation of this policy language which does not hold "physical contact" mandatory, appears to us to be by far the more reasonable and persuasive approach. It accords with a strict reading of the policy language, it well implements the time-honored policy of construction of policy language against the insurer, and, perhaps most significantly, as Judge McGREGOR and plaintiff point out it guards against recovery based entirely upon 'fortuitous circumstance'." 393 Mich at 331.

Because of the Supreme Court's apparent reliance on Judge McGREGOR's dissent, it is also instructive to examine that dissent in this Court. 52 Mich App at 47-48. In his view, the appropriate test was one of continuity of action. Under this test the appropriate inquiry is to determine the intent of the injured person with regard to the automobile. Even if the person is temporarily out of or away from the auto, coverage will be found if the person intends a continued use of the car.

Reading these interpretations into § 3106(c)[3] it is apparent that plaintiff in this case is covered. She was proceeding from one side of the car to the

[3] In my view, the statute provides coverage for injuries arising while a car is parked if, and only if, the plaintiff can bring himself within subsection (a), (b) or (c). If a claim falls within one of the subsections, the threshold of injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle will be met.

other to help her grandson from the car. Under the *Nickerson* rationale, it is unnecessary that the automobile be the cause of the injury, it is sufficient if it provides the occasion for the injury.[4] If the trial court is sustained it must be on the basis of the "fortuitous circumstance" that plaintiff was midway around the car at the time of her injury. Under this view, she is left in limbo because she had completed the "alighting" process and had not yet begun to "enter" the other side. This type of on again, off again coverage was specifically rejected in *Nickerson.* 393 Mich at 331.

The trial court's grant of summary judgment to defendant is reversed. Summary judgment on the question of liability entered in favor of plaintiff is ordered and the matter is remanded to the trial court for a determination of damages.

D. F. WALSH, P.J., concurred.

J. H. GILLIS, J. *(dissenting).* I disagree with the majority's position that it is only necessary that the automobile be the occasion of the injury and no causal connection need be shown. In order to support this assertion, reliance is made upon the interpretation of language in the Worker's Disability Compensation Act.

It is not necessary to go to worker's compensation law to ascertain the meaning of the "arising out of" term here for there is an abundance of case law directly on point. See, Anno: *Automobile*

---

[4] The statute requires coverage for injuries which "arise" out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle.

Similar "arising out of" language in the Worker's Disability Compensation Act has been interpreted not to require a causal nexus between injury and employment. *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783; 42 ALR3d 375 (1970). The view taken here is consistent with that type of analysis.

liability insurance: what are accidents or injuries *"Arising Out of Ownership, Maintenance or Use"* of *insured vehicle,* 89 ALR2d 150, 154, wherein the following statement is made:

"It is well settled that a causal relation or connection must exist between an accident or injury and the ownership, maintenance, or use of a vehicle in order for the accident or injury to come within the meaning of the phrase 'arising out of the ownership, maintenance or use' of a vehicle."

Moreover, worker's compensation law applies essentially a "but for" test to determine whether an injury is sufficiently related to the employment relationship to be compensable. *Nemeth v Michigan Building Components,* 390 Mich 734, 736; 213 NW2d 144 (1973). Such an approach in automobile insurance cases was expressly rejected in *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975):

"In summary, we conclude that while the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for."

I also believe the majority has failed to deal properly with the relationship between §§ 3105 and 3106 of the no-fault act. Section 3105 provides the general requisite for liability:

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the

provisions of this chapter." MCL 500.3105(1); MSA 24.13105(1).

Where the insured vehicle is parked there are additional criteria which must be met:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle." MCL 500.3106; MSA 24.13106.

Even where a person is occupying, entering into or alighting from a vehicle, it must still be shown that there is a causal relationship between the injury and the ownership, use, or maintenance of the vehicle. In the instant case while it may be true that but for her use of the car plaintiff would not have slipped, as previously noted this is not the proper test to apply. The trial court held there was no causal connection between her use of the automobile and the fact that she fell in the snow and I agree with that determination.

I would affirm.