BLOCK v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 52474. Submitted June 4, 1981, at Grand Rapids.—Decided November 3, 1981.

Winifred Block brought an action against Citizens Insurance Company of America, her employer's no-fault insurer, and Detroit Automobile Inter-Insurance Exchange, her own no-fault insurer, for damages resulting from an injury incurred while allegedly using her employer's motor vehicle. Defendants both moved for summary judgment, which motions were granted, Kent Circuit Court, Stuart Hoffius, J. The plaintiff appeals. *Held:*

The trial court properly granted the defendants' motions. The record reveals that there was no causal connection between the plaintiff's injury and the ownership, maintenance, and use of a motor vehicle. The plaintiff was not lifting property into the vehicle at the time of the injury but was merely carrying the property in preparing to load the vehicle.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES — STATUTES.

The no-fault act was intended by the Legislature to provide, *inter alia,* expeditious compensation for accidental bodily injury arising out of the ownership, maintenance, and use of a motor vehicle, including the loading of a parked motor vehicle; however, an injury incurred during the preparation to load a parked vehicle, not involving the lifting of property into the vehicle, is not compensable under the act (MCL 500.3106; MSA 24.13106).

*Richard J. Quist,* for plaintiff.

*Baxter & Hammond* (by *William M. Bremer),* for Citizens Insurance Company of America.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 23.

*Allaben, Massie, Vander Weyden & Timmer,* for
Detroit Automobile Inter-Insurance Exchange.

Before: R. B. BURNS, P.J., and ALLEN and T.
GILLESPIE,* JJ.

PER CURIAM. This case again calls for the Court
of Appeals to review the intent of the Legislature
in the enactment of the no-fault automobile insur-
ance statute. Was it the intent of the Legislature
to provide prompt compensation for traffic acci-
dent victims or to provide compensation for acci-
dents removed from the general activity of use of
an automobile? Each case must be examined on its
merits to determine whether there is sufficient
causal relation between the accident which re-
sulted in the injury and the use of the motor
vehicle.

Winifred Block was an employee of a firm
known as Snack Time Services, Inc., in Grand
Rapids. She drove a van furnished by her em-
ployer, delivering snacks to various business estab-
lishments. On January 4, 1979, she had parked the
vehicle in front of Van Laaen Concrete Company
and made a delivery. After making the delivery
she was returning to the van with some empty
cartons. Just before she reached the van, she was
walking on the sidewalk where she slipped on the
ice. She had not yet touched the van, but when she
fell she came to rest under the vehicle and sus-
tained disabling back injuries. She brought action
against her employer's insurer, Citizens Insurance
Company of America, and her own insurer, Detroit
Automobile Inter-Insurance Exchange.

The trial judge granted summary judgment for
both defendants.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The issue is the intent of the Legislature in passage of § 3106 of the no-fault insurance act, MCL 500.3106; MSA 24.13106, which reads:

"Sec. 3106. Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustaind by a person while occupying, entering into or alighting from the vehicle."

Since the passage of the act, various fact situations have been reviewed by the courts to determine the meaning of the Legislature's use of the words "occupying, entering into, or alighting from" as well as "loading or unloading". A review of these cases is not necessary here, but it may be pointed out that a dichotomy of legal thought has resulted as to the legislative intent of the above-quoted section.

This difference is best illustrated by review of *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), and comparison of that case with *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980).

*McPherson* holds that the test to determine if coverage under a no-fault insurance policy exists is that where the automobile "provides the occasion for the injury" that is sufficient. It should be noted that Judge Gillis dissented and urged that there must be a "causal connection" between the use of the automobile and the injury.

*Dowdy* reviews the earlier cases and concludes that *McPherson* was wrongly decided by the majority and adopts Judge GILLIS's reasoning. The Court again emphasized the causal connection requirement in order for the act to apply.

We find the legislative intent in the enactment of the no-fault insurance act was to provide for the expeditious compensation of victims for damages suffered in automobile accidents. *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978). To expand coverage to include actions removed from general activity in connection with use of an automobile will increase both the cost of insurance and the incidence of litigation, thereby thwarting the legislative intent of the no-fault act.

Applying the causal-connection rule in this case, we would conclude, as did the trial judge, that nothing in connection with the van caused plaintiff's injury. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975), *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301 (1979), *Dowdy, supra.*

The accident which caused Ms. Block's injury was a slip and fall on the ice without causal connection with the ownership, maintenance, and use of the van.

As to the issue that the court should have considered her claim under § 3106(b) as a loading accident, the factual situation is quite similar to that in *Dembinski v Aetna Casualty & Surety Co,* 76 Mich App 181; 256 NW2d 69 (1977), and we would follow that opinion. Ms. Block was carrying a box to the van, but her injury did not result from lifting it into the van. She was preparing to load the van.

Affirmed.