KRUEGER v LUMBERMEN'S MUTUAL CASUALTY COMPANY

Docket No. 54802. Submitted October 7, 1981, at Grand Rapids.—
    Decided January 20, 1982. Leave to appeal applied for.

    Alvin E. Krueger, while employed as a uniform delivery sales-
    man, was injured when he climbed out of his delivery truck
    while lifting three large mats. He placed his right foot on the
    ground and thereupon brought his left foot down into a hole in
    the ground, causing the injury. When the accident took place
    he was no longer in contact with the vehicle. Krueger brought
    suit against Lumbermen's Mutual Casualty Company, his em-
    ployer's insurance carrier, in Kent Circuit Court, seeking no-
    fault insurance benefits. The court, Woodrow A. Yared, J.,
    granted summary judgment to the defendant. The plaintiff
    appeals. *Held:*

    The lower court erred in granting the defendant summary
    judgment. The issues in dispute, whether the plaintiff was
    "alighting" from the vehicle and whether his injuries arose out
    of the use of a vehicle, are questions of fact. The plaintiff was
    still alighting from the vehicle when the injury occurred since
    an individual should not be said to be finished alighting until
    both feet are planted firmly on the ground. Furthermore, an
    injury caused by stepping into a hole in the road is foreseeably
    identifiable with the process of alighting from a vehicle and
    such road hazards are hardly unusual or unexpected.

    Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED
    VEHICLES — STATUTES.
    A claimant must suffer injuries falling within one of the follow-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 7 Am Jur 2d, Automobile Insurance §§ 205-207, 354, 355.
    Risks within "loading and unloading" clause of motor vehicle
        liability insurance policy. 6 ALR4th 686.
    Validity and construction of "no fault" automobile insurance plans.
        42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance § 340.
[3] 7 Am Jur 2d, Automobile Insurance §§ 129-133.
[4] 7 Am Jur 2d, Automobile Insurance § 198.

ing categories to recover no-fault insurance benefits for injuries sustained in connection with a parked vehicle: (1) the vehicle was parked in such a way so as to cause unreasonable risk of the bodily injury which occurred; (2) the injury was a direct result of physical contact with equipment permanently mounted on the vehicle while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process; or (3) the injury was sustained by a person while occupying, entering into or alighting from the vehicle (MCL 500.3106; MSA 24.13106).

2. INSURANCE — NO-FAULT INSURANCE — MOTOR VEHICLES.

Issues regarding whether a plaintiff in a no-fault automobile insurance case was alighting from the vehicle when the injury occurred and whether the plaintiff's injuries arose out of the use of a motor vehicle are questions of law not questions of fact where the parties agree on the events that transpired on the day in question.

3. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES — STATUTES.

A claimant in a no-fault automobile insurance case seeking recovery for injuries sustained in connection with a parked vehicle must establish that the injuries arose out of the ownership, operation, maintenance or use of the parked vehicle as well as that the injuries fall within the categories prescribed under the no-fault act (MCL 500.3105[1], 500.3106; MSA 24.13105[1], 24.13106).

4. HIGHWAYS — HAZARDS — ALIGHTING FROM VEHICLES.

An injury caused by stepping into a hole in the road is foreseeably identifiable with the process of alighting from a vehicle; such road hazards are hardly unusual or unexpected.

*William G. Reamon, P.C.* (by *Janet T. Neff*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *John M. Grostic*), for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

R. M. MAHER, P.J. Plaintiff-appellant Alvin E. Krueger appeals by right an order by the circuit court granting defendant-appellee Lumbermen's Mutual Casualty Company's motion for summary judgment.

Once again this Court must attempt to delineate the scope of the Michigan no-fault act.[1] The facts are not in dispute. Plaintiff was employed as a delivery salesman for the Cadillac Overall Company. His job, which involved delivering and picking up uniforms and other items, required frequent loading and unloading of his step van. On May 4, 1977, plaintiff parked his van in the parking area located in the entrance of the Michigan Tractor & Machinery Company, for the purpose of making a delivery. While remaining in the front seat, he picked up three large mats weighing approximately 30 pounds. He then began to climb out of the vehicle, placing his right foot on the ground. He thereupon brought his left foot down into a hole in the ground, which caused injury to his left ankle and lower back. When the accident took place, he was no longer in contact with the vehicle.

Plaintiff then brought suit against his employer's insurance carrier, defendant Lumbermen's Mutual Casualty Company (hereinafter "Lumbermen's Mutual"), seeking no-fault insurance benefits. Lumbermen's Mutual subsequently filed a motion for summary judgment, contending that there was "no issue as to any material fact" and that it was "entitled to judgment in its favor as a matter of law". The circuit court granted this motion and entered an order for summary judgment, prompting the present appeal.

---

[1] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

I

In order to recover no-fault benefits for injuries sustained in connection with a parked vehicle, a claimant must suffer injuries falling within one of the categories enumerated in § 3106 of the no-fault act, which provides:

"Sec. 3106. Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle." MCL 500.3106; MSA 24.13106.

Subsection (c) of the parked vehicle exclusion (§ 3106) exempts injuries sustained while "alighting from the vehicle". Plaintiff contends that he was "alighting" from his vehicle when he was injured. The trial court disagreed, ruling that plaintiff was not "alighting" at the time of the injury.

We address first plaintiff's contention that summary judgment was inappropriate. Plaintiff claims that two factual issues remained: (1) whether plaintiff was alighting from the vehicle when the injury occurred; and (2) whether plaintiff's injuries arose out of the use of a motor vehicle. This argument betrays a fundamental misunderstanding of the difference between questions of law and questions of fact. The parties agree on the events

that transpired on the day in question. They only disagree about whether those events establish that plaintiff was "alighting" and that his injuries "arose out of the use of a vehicle". These are legal issues, not factual issues. See *Dembinski v Aetna Casualty & Surety Co*, 76 Mich App 181; 256 NW2d 69 (1977).[2] Since no genuine issues of material fact remained, we reject plaintiff's initial contention.

We must disagree, however, with the circuit court's conclusion that plaintiff was not "alighting", within the meaning of § 3106 and his employer's insurance policy, at the time of the injury. There is no statutory definition of the term "alighting" and little case law.[3] The court below felt that since plaintiff was no longer in contact with the vehicle when the injury occurred, he had completed the process of alighting from the vehicle. Although it is unnecessary to attempt a complete definition of the term at this time, we are convinced that an individual has not finished "alighting" from a vehicle at least until both feet are planted firmly on the ground. Consequently, we hold that the cricuit court erred in concluding that plaintiff's injuries did not fall within § 3106(c).

[2] "Plaintiff also argues that summary judgment was improper because there existed a genuine issue as to a material fact, *i.e.*, whether plaintiff's injury occurred while he was loading the truck. The dispute is not as to what occurred, but as to whether what occurred came within the insurance coverage of loading. This is a question of law, not fact, so that summary judgment was properly granted."

[3] *Hathcox v Liberty Mutual Ins Co*, 90 Mich App 511; 282 NW2d 374 (1979), involved a plaintiff who had been injured while loading new automobiles onto his employer's tractor-trailer. After driving one of these cars to the top deck and leaving it there, the plaintiff slipped on the snow-covered deck and sustained serious injuries. The majority held that the plaintiff was "occupying" the tractor-trailer, within the meaning of subsection (c), at the time of the accident. However, in concurring, I expressed my belief that the plaintiff was alighting from the vehicle, since he was in the process of leaving the vehicle when the injury occurred.

## II

In order to recover no-fault benefits for injuries sustained in connection with a parked vehicle, a claimant must establish both the applicability of one of the § 3106 categories and, in addition, that the injuries arose out of the ownership, operation, maintenance or use of the parked vehicle. MCL 500.3105(1); MSA 24.13105(1), *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), lv den 395 Mich 787 (1975), *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301 (1979), *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980), *Block v Citizens Ins Co of America,* 111 Mich App 106; 314 NW2d 536 (1981). According to *Kangas, supra,*

"while the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle."[4]

The circuit court felt that plaintiff had failed to establish such a causal connection in the instant case, and was therefore not entitled to recover no-fault benefits. We disagree. Although we acknowledge that this is a close question, we believe that an injury caused by stepping into a hole in the road is foreseeably identifiable with the process of

---

[4] *Cf. McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), in which a panel of this Court held that a claimant must show only that the automobile "provided the occasion for the injury" in order to recover. We believe *McPherson* was incorrectly decided and expressly decline to follow it.

alighting from a vehicle. Such road hazards are hardly unusual or unexpected.

We conclude that the circuit court erred in granting defendant's motion for summary judgment.

Reversed and remanded for further proceedings in accordance with this opinion. Costs to be paid by defendant. We retain no further jurisdiction.