KING v AETNA CASUALTY & SURETY COMPANY

Docket No. 56634. Submitted May 4, 1982, at Lansing.—Decided
    August 23, 1982. Leave to appeal applied for.

    James F. King, Jr., was injured when he slipped on some ice
        while reaching to unlock the door of his parked car after he left
        a grocery store. King filed suit in Genesee Circuit Court against
        Aetna Casualty and Surety Company, the no-fault insurance
        carrier for his automobile, seeking no-fault insurance benefits.
        The court, Phillip C. Elliott, J., denied Aetna's motion for
        summary judgment and entered judgment on a jury verdict for
        the plaintiff. Aetna appeals and King cross-appeals. *Held:*

        The undisputed facts show that the plaintiff was not entering
    his vehicle when he slipped and fell but was merely preparing
    to enter it. Thus, the plaintiff's injuries do not fall within any
    of the compensable categories in the no-fault act. In addition,
    slipping on ice is not foreseeably identifiable with the act of
    entering a vehicle. The involvement of his parked vehicle was
    merely incidental. The trial court erred in denying the defen-
    dant's motion for summary judgment.

        Reversed.

1. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

    A claimant must suffer injuries falling within one of the catego-
        ries enumerated in the no-fault automobile insurance act re-
        garding accidental bodily injury arising out of the ownership,
        operation, maintenance, or use of a parked vehicle as a motor
        vehicle to recover no-fault insurance benefits for the injuries
        sustained in connection with a parked vehicle; those categories
        are: (1) the vehicle was parked in such a way as to cause
        unreasonable risk of the bodily injury which occurred; (2) the
        injury was a direct result of physical contact with equipment
        permanently mounted on the vehicle, while the equipment was
        being operated or used or property being lifted onto or lowered

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 129, 130, 136.
    7A Am Jur 2d, Automobile Insurance §§ 351, 357.
[2] 7 Am Jur 2d, Automobile Insurance § 136.
    7A Am Jur 2d, Automobile Insurance § 351.

from the vehicle in the loading or unloading process; or (3) the injury was sustained by a person while occupying, entering into, or alighting from the vehicle (MCL 500.3105[1], 500.3106; MSA 24.13105[1], 24.13106).

2. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

Slipping on ice in a parking lot should not be considered as foreseeably identifiable with the act of entering a vehicle for purposes of recovering benefits under the no-fault automobile insurance act.

*Michael J. Theile,* for plaintiff.

*Neal & Lengauer* (by *W. L. Meuleman, III),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

R. M. MAHER, P.J. Defendant-appellant Aetna Casualty and Surety Company appeals as of right an order by the trial court denying defendant's motion for summary judgment. Plaintiff-appellee James F. King, Jr., cross-appeals the trial court's refusal to award interest and attorney fees and the trial court's ruling permitting defendant to present an affirmative defense.

Once again this Court must attempt to delineate the scope of the Michigan no-fault act.[1] As usual, the facts are not in dispute. On December 28, 1978, plaintiff drove his car to a Kroger store in Mt. Morris, Michigan, in order to do some shopping. Plaintiff parked his car in the parking lot, locked the doors, and proceeded to the store where he shopped for about ten minutes. While returning to his car, plaintiff slipped on some ice and fell, sustaining physical injury to his knee and leg. Plaintiff, while holding a bag of groceries in his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

left arm, had removed his car keys from his pocket and was reaching to unlock the car door when he fell. Plaintiff's hand was about two inches away from the car at the time of the fall, but he could not remember whether his key ever touched the car.

Plaintiff sued defendant in Genesee County Circuit Court, seeking no-fault benefits for injuries sustained in the accident. Prior to trial, defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(3), contending that plaintiff's injuries were not compensable under the no-fault act. The trial court denied the motion, and a bifurcated trial was held. A jury found defendant liable for plaintiff's injuries, and the trial court assessed total damages at $27,879. Defendant appeals, and plaintiff cross-appeals.

In order to recover no-fault benefits for injuries sustained in connection with a parked vehicle, a claimant must suffer injuries falling within one of the categories enumerated in § 3106 of the no-fault act, which provides:

"Sec. 3106. Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle." MCL 500.3106; MSA 24.13106.

Plaintiff contends that his injuries were sus-

tained while he was "entering into" his vehicle. We must disagree. The undisputed facts show that plaintiff was not entering his vehicle when he slipped and fell, but was merely preparing to enter it. Because none of the three subsections of the parked vehicle exclusion (§ 3106) is applicable, plaintiff's injuries are not compensable under the no-fault act.

We also find that plaintiff's claim is deficient in another respect. In order to recover no-fault benefits for injuries sustained in connection with a parked vehicle, a claimant must establish both the applicability of one of the § 3106 categories and, in addition, that the injuries arose out of the ownership, operation, maintenance, or use of the parked vehicle. MCL 500.3105(1); MSA 24.13105(1), *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975), *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301 (1979), *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980), *Block v Citizens Ins Co of America,* 111 Mich App 106; 314 NW2d 536 (1981), *Krueger v Lumbermen's Mutual Casualty,* 112 Mich App 511; 316 NW2d 474 (1982). According to *Kangas, supra,*

"[W]hile the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle."

Plaintiff relies on *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), *lv den* 407 Mich 908 (1979), in support of the proposition

that no such "causal connection" need be shown. We once again take the opportunity to respectfully wish *McPherson* a speedy burial.[2]

We have no difficulty concluding that plaintiff has not shown a causal connection between the use, etc., of his parked vehicle and his injuries. Slipping on ice is simply not foreseeably identifiable with the act of entering a vehicle.[3] It was the ice on the parking lot that caused plaintiff's injuries; the involvement of his parked vehicle was merely incidental. Consequently, even if we were to find that plaintiff was "entering into" his vehicle when the accident occurred, we would nevertheless conclude that plaintiff was not entitled to no-fault benefits.

We hold that the trial court erred in denying defendant's motion for summary judgment.

In light of our disposition of the foregoing issue, we need not address the other issue raised by defendant, or the issues raised by plaintiff in his cross-appeal.

Reversed. Defendant may tax costs.

[2] See *Dowdy, supra, Block, supra, Krueger, supra.*

[3] We find *Krueger, supra,* factually distinguishable from the instant case. In *Krueger,* the plaintiff was injured by stepping into a hole in the ground while alighting from his vehicle, and the Court found a causal connection between the plaintiff's act of alighting from the vehicle and his injuries. In *Krueger,* unlike the case at bar, both the act of alighting from the vehicle *and* the common road hazard were causal factors that substantially contributed to the accident.