GRIFFIN v LUMBERMENS MUTUAL CASUALTY COMPANY

Docket No. 62816. Submitted January 20, 1983, at Detroit.—Decided September 13, 1983. Leave to appeal applied for.

Martin Griffin, an employee of the Detroit Rendering Company, drove his employer's truck-trailer to the Jackson plant of the Detroit Rendering Company and backed his vehicle up to the loading dock. He got out of the truck and climbed half-way up the flight of stairs onto the loading dock to see if the truck was correctly positioned. When he was satisfied that the trailer was properly positioned he turned to go back to the truck. As he turned, he slipped and fell, sustaining severe injuries. Griffin gave written notice of his claim for no-fault wage benefits to Lumbermens Mutual Casualty Company, his employer's no-fault automobile insurer. Lumbermens refused to pay the claimed no-fault benefits. Griffin filed suit against Lumbermens in Wayne Circuit Court. Defendant moved for summary judgment on the ground that except as to the amount of damages there was no genuine issue as to any material fact and that defendant was therefore entitled to judgment as a matter of law. The court, John R. Kirwan, J., denied the motion. Defendant appeals. *Held:*

R. M. MAHER, J., believes that, under the undisputed facts, the plaintiff may not recover no-fault benefits as a matter of law. He states that plaintiff's injury does not fall within any of the categories enumerated in the no-fault act and his injury did not arise out of the ownership, operation, maintenance, or use of a parked vehicle used as a motor vehicle. In his opinion, the

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 129, 194, 340 *et seq.*
   What constitutes a "motor vehicle" covered under no fault insurance. 60 ALR3d 651.
   Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 2-4.
[4] 7 Am Jur 2d, Automobile Insurance §§ 288, 289.
[5] 7 Am Jur 2d, Automobile Insurance §§ 129-135.
[6] 7 Am Jur 2d, Automobile Insurance §§ 129-133.

trial court erred in denying defendant's motion for summary judgment.

HOOD, J., concurred in the reversal because of his belief that plaintiff's slip and fall injury was "without causal connection with the ownership, maintenance and use of" the truck.

Reversed.

T. M. BURNS, P.J., dissented. He would affirm the trial court's denial of defendant's motion for summary judgment on the basis of his beliefs that physical contact with a parked vehicle is not necessary to a finding that an injured claimant was "occupying" the parked vehicle and that an independent cause of injury does not bar a plaintiff's cause of action so long as the use of the vehicle was one of the causes of the plaintiff's injury.

OPINION OF R. M. MAHER, J.

1. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

A plaintiff in a no-fault automobile insurance case seeking recovery for injuries sustained in connection with a parked vehicle must pass a two-part test: the plaintiff must demonstrate, first, that his injury falls within one of the categories enumerated in the no-fault act and, second, that his injury arose out of the ownership, operation, maintenance, or use of the parked vehicle as a motor vehicle (MCL 500.3105[1], 500.3106; MSA 24.13105[1], 24.13106).

2. INSURANCE — STATUTES — JUDICIAL CONSTRUCTION.

An insurance policy is to be construed against the insurer, whereas statutory language is to be given its ordinary meaning.

3. STATUTES — JUDICIAL CONSTRUCTION.

Doubtful or ambiguous provisions of a statute are construed not in isolation but with reference to and in the context of related provisions.

4. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES — "OCCUPYING".

A plaintiff, in order to sustain an injury while "occupying" a vehicle as that term is used in the no-fault automobile insurance act, must either be in physical contact with the vehicle at the time of the injury or must have occupied the vehicle immediately prior to the accident (MCL 500.3106; MSA 24.13106).

5. AUTOMOBILES — INSURANCE — "OWNERSHIP, MAINTENANCE, USE".

There must be a causal connection between the injury suffered and the ownership, maintenance, or use of the automobile to

sustain a claim under the terms of an automobile insurance policy which provides coverage for injuries arising out of the ownership, maintenance, or use of an automobile; the causal connection must be more than incidental, fortuitous, or "but for", and the injury must be foreseeably identifiable with the normal use, maintenance, or ownership of the vehicle.

Opinion by T. M. Burns, P.J.

6. Insurance — No-Fault Insurance — Use of Motor Vehicle.

An injured person must establish a causal connection between the use of a motor vehicle and the injury in order to qualify for insurance coverage for an injury "arising out of the use of a motor vehicle as a motor vehicle"; where use of the vehicle is one of the causes of the injury a sufficient causal connection is established even though another independent cause exists.

*Marshall Lasser, P.C.* (by *Marshall Lasser*), for plaintiff.

*Barbier, Goulet & Petersmarck, P.C.* (by *John L. Salter*), for defendant.

Before: T. M. Burns, P.J., and R. M. Maher and Hood, JJ.

R. M. Maher, J. Defendant appeals from the trial court's order denying the defendant's motion for summary judgment pursuant to GCR 1963, 117.2(3).

The facts are undisputed. On March 13, 1979, the plaintiff drove his employer's truck-trailer to the Jackson plant of the Detroit Rendering Company and backed his vehicle up to the loading dock. He got out of the truck and climbed half-way up the flight of stairs onto the loading dock to see if the truck was correctly positioned. When he was satisfied that the trailer was properly positioned, the plaintiff turned to go back to the truck. As he turned, the plaintiff slipped and fell, sustaining severe injuries.

Plaintiff gave defendant written notice of his claim for no-fault wage benefits, as required by MCL 500.3145; MSA 24.13145. Defendant refused to pay plaintiff the claimed no-fault benefits, whereupon plaintiff brought this lawsuit.

The question on appeal is whether, on the undisputed facts, the plaintiff is entitled to no-fault benefits as a matter of law.

In order to recover no-fault benefits for injuries sustained where only a parked vehicle is involved, the plaintiff must pass a two-part test. *Krueger v Lumbermen's Mutual Casualty Co,* 112 Mich App 511; 316 NW2d 474 (1982).[1] First, the plaintiff must demonstrate that his injury falls within one of the categories enumerated in § 3106 of the no-fault act. At the time of the accident, that section provided:[2]

"Sec. 3106. Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

---

[1] But, see *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), *lv den* 407 Mich 908 (1979).

[2] In 1981, well after plaintiff's accident, the statute was amended to read in pertinent part:

"Sec. 3106. (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) Except as provided in subsection (2), the injury was a direct result of physical contact with the equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle."

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle." MCL 500.3106; MSA 24.13106.

Plaintiff argues that subsection (c) applies insofar as he was injured while "occupying" his truck. I disagree.

Plaintiff relies on *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), *lv den* 407 Mich 908 (1979), in which this Court construed the term "occupying". In *McPherson,* the plaintiff had temporarily parked her car and, while in the process of going around it to remove her grandson from the back seat, she slipped and fell on an obstruction on the highway. In ruling that the plaintiff was injured while occupying her vehicle, the Court applied the following test:

"[T]he appropriate test [is] one of continuity of action. Under this test the appropriate inquiry is to determine the intent of the injured person with regard to the automobile. Even if the person is temporarily out of or away from the auto, coverage will be found if the person intends a continued use of the car." 90 Mich App 219.

Plaintiff argues that, under *McPherson,* he was occupying his truck when he was injured since, at that time, the plaintiff was in the process of returning to his vehicle. I am not inclined, however, to follow *McPherson.*

*McPherson* based its ruling on the Supreme

Court's decision in *Nickerson v Citizens Mutual Ins Co*, 393 Mich 324; 224 NW2d 896 (1975). In *Nickerson*, the plaintiff was a passenger in the insured vehicle. The car stalled and plaintiff helped to push it to the side of the road. A passing motorist was then flagged down. The plaintiff, who had returned to the vehicle, exited from the vehicle once again and, while walking in front of the stalled vehicle, was injured when a third vehicle struck the stalled car, pushing it into plaintiff. The Court held that, under the automobile insurance policy, the plaintiff had been occupying the vehicle at the time of the accident.

In *Kalin v Detroit Automobile Inter-Ins Exchange*, 112 Mich App 497; 316 NW2d 467 (1982), this Court seriously questioned the validity of applying *Nickerson* to construe the no-fault act. See, also, *Davis v Auto-Owners Ins Co*, 116 Mich App 402; 323 NW2d 418 (1982). First, the Court noted that *Nickerson* construed an automobile insurance policy, not a statute. An insurance policy is to be construed against the insurer whereas statutory language is to be given its ordinary meaning. Second, the Court pointed out that the policy involved in *Nickerson* defined "occupying"; the no-fault act, by contrast, does not define this term.

While providing some guidance, *Nickerson* does not command that this Court follow its broad construction of "occupying" when construing the no-fault act. Inasmuch as this Court in *McPherson* merely read *Nickerson* into the no-fault act, I decline to adopt its interpretation of "occupying" under § 3106.

In construing "occupying" as used in § 3106 I am guided by this Court's construction of the term

"occupant" as it appears in §§ 3114[3] and 3115[4] of the no-fault act. It is a "settled principle that doubtful or ambiguous provisions of a statute are construed not in isolation but with reference to and in the context of related provisions". *Guitar v Bieniek,* 402 Mich 152, 158; 262 NW2d 9 (1978). The cases which have construed "occupant"[5] tend to require either physical contact with the vehicle at the time of the injury or occupancy of the vehicle immediately prior to the accident. See *Kalin, supra,* pp 506-507. I believe that these factors are also relevant in construing "occupying" as used in § 3106.

In the present case, the plaintiff was not in physical contact with the truck-trailer when he was injured. Nor had he occupied the cab of the

---

[3] MCL 500.3114; MSA 24.13114. It provides in pertinent part:

"(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

"(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied."

[4] MCL 500.3115; MSA 24.13115. The statute provides in pertinent part:

"(1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident.

[5] See *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292; 269 NW2d 570 (1978), *rev'd on other grounds* 408 Mich 164 (1980); *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511; 282 NW2d 374 (1979); *Kalin v Detroit Automobile Inter-Ins Exchange,* 112 Mich App 497; 316 NW2d 467 (1982); *Davis v Auto-Owners Ins Co,* 116 Mich App 402; 323 NW2d 418 (1982).

vehicle *immediately* prior to the accident. Thus, the plaintiff did not sustain an injury while "occupying" a vehicle as that term is used in § 3106.

Nor does plaintiff's injury satisfy the second condition for recovery under § 3106. Plaintiff's injury did not "arise out of" the ownership, operation, maintenance, or use of his vehicle as a motor vehicle. The requisite causal connection was described by this Court in *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975):

"[W]hile the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle."

Plaintiff's injury was not "foreseeably identifiable" with the ownership, etc., of his vehicle as a motor vehicle. *Cf. Block v Citizens Ins Co of America,* 111 Mich App 106; 314 NW2d 536 (1981). See, also, *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980).

Under the undisputed facts, the plaintiff may not recover no-fault benefits as a matter of law. The trial court, therefore, erred in denying defendant's motion for summary judgment.

Reversed. Defendant may tax costs.

HOOD, J. *(concurring).* I concur in reversal because it is clear that plaintiff's slip and fall and injury was "without causal connection with the ownership, maintenance and use of" the truck. *Block v Citizens Ins Co of America, supra.*

T. M. Burns, P.J. *(dissenting).* I disagree with Judge Maher in that he declines to follow *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), *lv den* 407 Mich 908 (1979), since it is based on the supreme Court's holding in *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975). In *Nickerson,* the Court found that physical contact with a vehicle was not necessary for a finding that a person was "occupying" the vehicle according to the terms of an insurance contract. 393 Mich 331. While the Court, in part, based its holding on the rules of interpretation of insurance contracts, the Court stated:

"[P]erhaps most significantly, as Judge McGregor and plaintiff point out, it guards against recovery based entirely upon 'fortuitous circumstance'." 393 Mich 331.

Recent authority has also applied *Nickerson* to determine whether injuries arose out of the use of a motor vehicle as defined in the no-fault act. *Ohio Casualty Ins Group v Robinson,* 127 Mich App 138; 338 NW2d 898 (1983).

In the instant case, the claimant momentarily stepped out of the cab of the truck and climbed a few steps onto the loading dock to see if the trailer was aligned properly. Upon determining that it was, he was proceeding to the rear of the truck to unhitch the trailer when he was injured.

Plaintiff was not standing on the steps upon which he slipped and fell because of a mere coincidence. To properly use the truck it was necessary for him to climb the stairs. This created the risk which caused plaintiff's injuries.

The vehicle in this case provided not only the occasion of the injury, *McPherson, supra,* p 220, but was one of the causes of the injury. The fact

that there was an independent cause does not bar plaintiff's cause of action. As stated in *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301 (1979):

"Where use of the vehicle is one of the causes of the injury, a sufficient causal connection is established even though there exists an independent cause * * *.

"The relationship between use of the vehicle and the injury need not approach proximate cause * * *." *Shinabarger,* p 313.

See also *BASF Wyandotte Corp v Transport Ins Corp,* 523 F Supp 515, 517 (ED Mich, 1981). An independent cause may be grease on the floor. *Ohio Casualty, supra.*

The majority, however, denies recovery because the risk of plaintiff's injuries was not foreseeably identifiable with plaintiff's use of a tractor-trailer rig. The majority's reliance on *Block v Citizens Ins Co of America,* 111 Mich App 106; 314 NW2d 536 (1981), is misguided. In that case, the plaintiff sustained disabling back injuries when she slipped and fell on ice as she returned to her employer's van with empty cartons which were used to make deliveries. She fell before she reached the van but when she fell she came to rest under the vehicle. This Court sustained the trial court's grant of summary judgment. The Court characterized the plaintiff's injury as a slip and fall without causal connection with the ownership, maintenance, and use of the van.

There is more continuity in plaintiff's actions in the instant case than those of the plaintiff in *Block.* Whereas the plaintiff in *Block* was merely returning to her truck with cartons after making a delivery, the plaintiff in this cause was returning to his truck after completing his visual observation

of the positioning of the truck's trailer. His visual observation was an integral part of the parking process of the truck. Since plaintiff intended a continued use of his truck and had only momentarily alighted from it to perform duties necessary to the proper use of the truck, I would affirm the trial court's decision.