JOHNSON v AUTO-OWNERS INSURANCE COMPANY

Docket No. 73455. Submitted March 8, 1984, at Grand Rapids.— Decided November 7, 1984.

Plaintiff, Richard B. Johnson, attached a two-wheel boat trailer to a truck for purposes of removing his pontoon boat from a lake. Driving the truck, plaintiff backed the trailer into the water at a cement boat ramp at a marina. Plaintiff then placed the truck in park and exited from the vehicle. In order to align the boat, which the wind was blowing adrift, with the trailer, plaintiff walked down the ramp into the water. The ramp was slippery due to the presence of moss on the surface, and plaintiff slipped, fell and injured his elbow, which struck the cement ramp. He brought an action in the Branch Circuit Court against Auto-Owners Insurance Company, his no-fault insurer, for personal protection benefits. Plaintiff stated in his deposition that he fell as he was stepping toward the trailer with the intention of stepping onto the trailer tongue in order to align the boat. The court, Thomas C. Megargle, J., granted summary judgment for defendant. Plaintiff appealed. *Held:*

There must be a causal connection between the injury suffered and the ownership, maintenance, or use of the vehicle to sustain a claim under the terms of an automobile insurance policy which provides coverage for injuries arising out of the ownership, maintenance, or use of a motor vehicle. The causal connection must be more than incidental, fortuitous, or "but for", and the injury must be foreseeably identifiable with the normal use, maintenance, or ownership of the vehicle. Plaintiff was not injured as a direct result of the process of loading the boat onto the trailer or his attempt to step onto the trailer, but rather was injured because of the slippery condition of the boat ramp.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 127 *et seq.,* 207 *et seq.*

What are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 15 ALR4th 10.

Risks within "loading and unloading" clause of motor vehicle liability insurance policy. 6 ALR4th 686.

1. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

A plaintiff in a no-fault automobile insurance case seeking recovery for injuries sustained in connection with a parked vehicle must pass a two-part test; the plaintiff must demonstrate, first, that his injury falls within one of the categories enumerated in the no-fault act and, second, that his injury arose out of the ownership, operation, maintenance, or use of the parked vehicle as a motor vehicle (MCL 500.3105[1], 500.3106; MSA 24.13105[1], 24.13106).

2. INSURANCE — NO-FAULT INSURANCE — "OWNERSHIP, MAINTENANCE, USE".

There must be a causal connection between the injury suffered and the ownership, maintenance, or use of the automobile to sustain a claim under the terms of an automobile insurance policy which provides coverage for injuries arising out of the ownership, maintenance, or use of an automobile; the causal connection must be more than incidental, fortuitous, or "but for", and the injury must be foreseeably identifiable with the normal use, maintenance, or ownership of the vehicle.

*Dresser, Marks, Svendsen, Oster & Bird* (by *Roger A. Bird),* for plaintiff.

*Ryan, Jamieson & Hubbell* (by *Daniel R. Jamieson),* for defendant.

Before: MACKENZIE, P.J., and J. M. GILLIS and J. E. FITZGERALD,* JJ.

PER CURIAM. Plaintiff brought suit against defendant, his personal no-fault insurer, for payment of personal protection insurance benefits, and appeals as of right from an order of the circuit court granting summary judgment for defendant. Defendant's motion for summary judgment was brought under both GCR 1963, 117.2, subds (1) and (3). The order granting defendant's motion did not identify under which subsection the court granted summary judgment, but, since the court's opinion reflects that it considered documents other than

* Circuit judge, sitting on the Court of Appeals by assignment.

the pleadings, such as plaintiff's deposition, we will treat the motion as having been granted under GCR 1963, 117.2(3).

A motion for summary judgment under GCR 1963, 117.2(3) is to be granted only if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. The court is to consider the pleadings, depositions, affidavits, admissions, and other documentary evidence submitted to it. GCR 1963, 117.3. The court must give the opposing party the benefit of any reasonable doubt, and should grant the motion only if satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

The undisputed facts in the instant case are as follows. Plaintiff attached a two-wheel boat trailer to a truck for purposes of removing his pontoon boat from a lake. Driving the truck, plaintiff backed the trailer into the water at a cement boat ramp at a marina. Plaintiff then placed the truck in park and exited from the vehicle. In order to align the boat, which the wind was blowing adrift, with the trailer, plaintiff walked down the ramp into the water. The ramp was slippery due to the presence of moss on the surface, and plaintiff slipped and fell, injuring his elbow which struck the cement ramp. Plaintiff stated in his deposition that he fell as he was stepping toward the trailer with the intention of stepping onto the trailer tongue in order to align the boat.

Where an injury occurs in connection with a parked vehicle, a two-tier test applies in determining whether the injured person is entitled to no-fault personal protection insurance benefits. The injured person must show that his injury falls within one of the categories enumerated in § 3106

of the no-fault act, MCL 500.3106; MSA 24.13106, and must also establish that the injury arose out of the ownership, operation, maintenance, or use of the parked vehicle as required under § 3105(1) of the no-fault act, MCL 500.3105(1); MSA 24.13105(1). *King v Aetna Casualty & Surety Co,* 118 Mich App 648, 650-651; 325 NW2d 528 (1982), and cases cited therein. The requisite causal connection to satisfy the second prong of the test has been described as follows:

"[W]hile the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for. The injury must be forseeably identifiable with the normal use, maintenance and ownership of the vehicle." *King, supra,* p 651 (quoting *Kangas v Aetna Casualty Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 [1975]).

Plaintiff asserts that under *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981), even where a parked vehicle is involved, it is only necessary to meet the "arising out of" requirement of § 3105(1), and the injured person need not also establish that one of the enumerated categories of § 3106 applies. We cannot agree. *Miller, supra,* involved an injury which occurred while the plaintiff was performing maintenance repairs on his parked vehicle, and the Court held that the plaintiff was not required to show that one of the § 3106 categories applied since those categories were addressed to circumstances unrelated to maintenance situations. In the instant case, plaintiff was not injured while performing vehicle maintenance and hence *Miller, supra,* is inapplicable. Although we find that plaintiff is required to show that his

injury falls within one of the § 3106 categories to be entitled to no-fault personal protection benefits, we proceed directly to the second prong of the test, the causal connection requirement, since it is dispositive.

In *King, supra,* the plaintiff was reaching to unlock his car door when he slipped on some ice and fell. This Court in *King* held that, even if the plaintiff were "entering into" his vehicle when the accident occurred, the requisite causal connection was not shown since it "was the ice on the parking lot that caused plaintiff's injuries; the involvement of his parked vehicle was merely incidental". *King, supra,* p 652. In *Block v Citizens Ins Co of America,* 111 Mich App 106; 314 NW2d 536 (1981), the plaintiff was returning to her van with some empty cartons and, just before she reached the van, she slipped on some ice and fell. The *Block* Court found the causal connection requirement unsatisfied, explaining that the accident causing the plaintiff's injury was "a slip and fall on the ice without causal connection with the ownership, maintenance, and use of the van". *Block, supra,* p 109. See also *Griffin v Lumbermens Mutual Casualty Co,* 128 Mich App 624; 341 NW2d 163 (1983) (plaintiff slipped on loading dock while returning to truck after determining that truck was correctly positioned; two-member majority held requisite causal connection not established).

As in *King, supra,* and in *Block, supra,* the injury to plaintiff herein was caused by his fall on the slippery moss-covered boat ramp, and we similarly conclude that the requisite causal connection was not met.

We do not find that *Krueger v Lumbermen's Mutual Casualty Co,* 112 Mich App 511; 316 NW2d 474 (1982), relied on by plaintiff, requires a different result. In *Krueger, supra,* this Court found the

causal connection met where the plaintiff was injured when, as alighting from his vehicle, the second foot he placed on the ground went into a hole in the road, causing him to fall; the plaintiff was not in physical contact with the vehicle at the time he fell. We recognize that *Krueger, supra,* is somewhat difficult to reconcile with *King, supra,* and *Block, supra,* with regard to the causal connection issue. But see *King, supra,* p 652, fn 3. Suffice it to say in the instant case that we find the facts herein more similar to *King, supra,* and *Block, supra,* than to *Krueger, supra,* and we choose to rely on the former two cases as guiding precedents.

Plaintiff also relies on *Sherman v Michigan Mutual Ins Co,* 124 Mich App 700; 335 NW2d 232 (1983), and *Teman v Transamerica Ins Co of Michigan,* 123 Mich App 262; 333 NW2d 244 (1983), but those cases are also factually distinguishable. In *Sherman,* the plaintiff was injured when a loading dock plate broke; his injury was a "direct result" of "the loading and unloading process itself". *Sherman, supra,* p 704. In *Teman, supra,* it was "the plaintiff's attempt to open the door of the trailer as part of the process of entering the vehicle that caused his injuries". *Teman, supra,* p 266. In contrast, plaintiff herein was not injured as a direct result of the process of loading the boat onto the trailer or his attempt to step onto the trailer, but rather was injured because of the slippery condition of the boat ramp.

Affirmed. Costs to defendant-appellee.