# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT EICKHOFF,

        Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE CO
OF MI,

        Defendant-Appellee.

UNPUBLISHED
April 18, 2017

No. 330671
Wayne Circuit Court
LC No. 15-002436-NF

Before: SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

In this case for first-party automobile no-fault benefits, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff was injured while trimming trees from a basket lift attached to his truck, from which he was ejected when a cable snapped and the boom and basket fell to the ground. Plaintiff had parked the truck, put it in first gear, set the emergency brake, and put down the downriggers on each side of the truck. Plaintiff testified at his deposition that the boom could not be operated without putting the downriggers down, and he extended them enough to lift the truck's suspension a bit, but the tires remained on the ground. He was about 40 feet in the air and was rotating the boom to the right when he heard the cable snap. The next thing he remembered was being at the hospital, having a brace being taken off his right wrist; he had injured both arms and his right hand. Defendant denied plaintiff's claim for benefits based on its determination that plaintiff did not satisfy the requirement in MCL 500.3105(1) and MCL 500.3106(1) that the truck was being used "as a motor vehicle" at the time of the injury.

Plaintiff's complaint alleged that defendant had unreasonably refused to pay personal protection insurance benefits. Shortly after plaintiff's deposition was taken, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that no-fault benefits were not available to plaintiff because he was not using the truck for transportational purposes at the time of the accident. In making this argument, defendant cited *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 215; 580 NW2d 424 (1998), and *Minch v Auto Owners Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued April 26, 2007 (Docket No. 273711). Plaintiff's response to the motion asserted that the cases were factually distinguishable and that *Drake v*

-1-

*Citizens Ins Co of America*, 270 Mich App 22, 37-39; 715 NW2d 387 (2006), correctly criticized *McKenzie* and that *Minch* was not binding precedent. At the hearing on the motion, the trial judge eventually remarked that it could not find a distinction between the facts in this case and *Minch* and without further explanation granted defendant's motion.

On appeal, plaintiff contends that the trial court erred in granting the motion for summary disposition. "[W]here there is no dispute about the facts, the issue whether an injury arose out of the use of a vehicle is a legal issue for a court to decide and not a factual one for a jury." *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 630; 563 NW2d 683 (1997), citing *Krueger v Lumbermen's Mut Cas & Home Ins Co*, 112 Mich App 511, 515; 316 NW2d 474 (1982). A legal question is reviewed de novo by this Court. *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 698; 736 NW2d 594 (2007).

Pursuant to MCL 500.3105(1), an insurer is liable to pay personal protection benefits for "accidental bodily injury arising out of the ownership, maintenance or use of a motor vehicle as a motor vehicle," subject to other provisions of the act. The analysis for determining no-fault benefits under this provision involves a determination (1) whether the injury is covered, i.e., whether it is "accidental," "bodily," and arises out of the "ownership, operation, maintenance or use of a motor vehicle as a motor vehicle"; and (2) whether the injury is subject to an exclusion and an exception to the exclusion. *Drake v Citizens Ins Co of America*, 270 Mich App 22, 25; 715 NW2d 387 (2006). "Injuries involving parked vehicles do not normally involve the vehicle as a motor vehicle." *Miller v Auto-Owners Ins Co*, 411 Mich 633, 639; 309 NW2d 544 (1981). When the vehicle is parked, MCL 500.3106(1) provides that coverage is allowed only when one of the following conditions is met:

> (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.
>
> (b) Except as provided in subsection (2) [in cases where worker's compensation laws provide benefits], the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.
>
> (c) Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle. [MCL 500.3106(1).]

The requirements of both MCL 500.3105 and MCL 500.3106 "must be met in order for liability for injuries connected to a parked vehicle to arise." *Johnston v Hartford Ins Co*, 131 Mich App 349, 357; 346 NW2d 549 (1984).

The only element at issue in this case is whether plaintiff's injury arose out of the "use of a motor vehicle as a motor vehicle." In *McKenzie*, 458 Mich at 215, the Michigan Supreme Court reasoned that the Legislature's express requirement that the vehicle be "used 'as a motor vehicle,' i.e., to get from one place to another," meant that

-2-

the Legislature wanted to except those other occasions, rare as they may be, when a motor vehicle is used for other purposes, e.g., as a housing facility of sorts, as an advertising display (such as at a car dealership), as a foundation for construction equipment, as a mobile public library, or perhaps even when a car is on display in a museum. [*Id.* at 218-219.]

The *McKenzie* Court concluded that the Legislature intended coverage only for "injuries resulting from the use of motor vehicles when closely related to their transportational function and only when engaged in that function." *Id.* at 220. Ultimately, the Court concluded that because the plaintiff's injury occurred when he was using his camper/trailer as sleeping accommodations, too far removed from its transportational function, no coverage was triggered under the no-fault act. *Id.* at 226.

This "transportational function" test of MCL 500.3105(1) was not satisfied in *Rice v Auto Club Ins Ass'n*, 252 Mich App 25, 37-38; 651 NW2d 188 (2002), in which the driver of a fueling truck fell from a ladder while fueling a steel hauler that unexpectedly moved. The plaintiff had not argued that the steel hauler was a motor vehicle, so coverage would be available only if the plaintiff's parked fuel truck satisfied the requirements of both MCL 500.3105(1) and MCL 500.3106(1). *Id.* This Court concluded that "the fuel truck's relationship to the accident as a whole was merely coincidental and that its transportational function had no connection to the accident at all." *Id.* at 38. However, in *Drake*, 270 Mich App at 24, 28-29, where the plaintiff was injured by grain-pumping equipment on his truck while he was delivering a load of grain, the majority opinion emphasized that the plaintiff's grain truck was immediately drivable, and "no transformation or mechanical alteration was necessary before it could begin unloading grain," such as removing stabilizers.

Although not binding precedent, we feel compelled to briefly discuss *Minch* since the trial court relied on the decision in summarily granting summary disposition to defendant. The plaintiff "was injured while trimming a tree, when he fell from a bucket attached to a boom that was permanently mounted to his truck." Applying the analysis from *McKenzie*, which indeed "remains controlling," the majority opinion concluded that the plaintiff's truck "was not being used as a motor vehicle at the time of plaintiff's injury [but] was being used as a foundation for tree-trimming equipment." *Minch*, unpub op at 1-2. The majority also found *Drake* distinguishable: "[A]t most, it indicates that the transportational function of a delivery truck includes the process of depositing the product. That holding does not suggest that the transportational function of a motor vehicle includes vertical movement of a bucket on a boom attached to a motor vehicle." *Minch*, unpub op at 2.

Plaintiff contends that *Minch* can be distinguished based on the fact that he was injured by being in direct contact with equipment permanently mounted on his vehicle, rather than by contacting the ground after toppling from the bucket, and thus MCL 500.3106(1)(b) is satisfied. However, *Minch* was not decided on the basis that no exception applied but rather that MCL 500.3105(1) was not satisfied because the truck was being used as a foundation for tree-trimming equipment. *McKenzie* requires plaintiff to satisfy this element in addition to one of the exceptions of MCL 500.3106(1). While plaintiff's truck can be used to transport him from job to job and to haul away debris, that is not how it was being used at the time of the injury. Instead, it was being used a foundation for tree-trimming equipment. Plaintiff provides no explanation why

-3-

his truck, like the truck in *Minch*, did not lack a transportational function at the time of the accident. Therefore, we cannot find that the trial court erred in granting summary disposition based on the arguments presented on appeal.

Affirmed.


/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan